**In the Matter of Allen W. PARKER, Jr. Wanda S. Parker, Debtors.**

**No. CIV–1–82–37.**

United States District Court, E. D. Tennessee, S. D.

June 10, 1982.

---

11. Note 5 *supra* at 194.

13. Note 12, *supra.*

14. Note 12, *supra* at 931.

15. Bankruptcy Act § 70a, 11 U.S.C. § 110(a) (repealed).

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This action is an appeal from the decision of the United States Bankruptcy Court for the Eastern District of Tennessee, 15 B.R. 980, confirming the debtor appellees' plan under Chapter 13 to repay their debts. Appellant Credithrift objected to the debtors' plan contending it was vague and contradictory, and that the debtors' attorney had failed to file a proof of claim for his fee. On appeal, Credithrift raises the contentions that the debtors' attorney must file a proof of claim in order to receive payment, that the attorney's fee has priority only over unsecured claims, that the Bankruptcy

Court misconstrued the debtors' proposal regarding the payment of attorney's fees, and that the plan does not comply with the Bankruptcy Act.

The debtor appellees, Allen and Wanda Parker, filed Chapter 13 proceedings under the Bankruptcy Code on September 14, 1981 listing total debts under the plan of $5,822.34 to be paid in full at a rate of $40.00 per week. Credithrift filed a proof of claim for $1,883.00. The plan proposed that:

"a. Administrative expenses under 11 U.S.C. §§ 503(b) and 1326 be paid in full.

"b. Claims entitled to priority under 11 U.S.C. § 507 be paid in full in deferred cash payments.

"c. The holders of . . . allowed security claims retain the liens securing such claims and be paid the value of the security and the insured balance, [in full except for contractual attorneys' fees]."

Credithrift objected (Court File # 10) and the plan was conditionally confirmed by the Bankruptcy Judge pending a ruling upon Credithrift's objections (Court File # 14). Weill, Ellis, Weems & Copeland was granted leave to appear as *amicus curiae* (Court File # 19). The Bankruptcy Judge denied Credithrift's objections to the plan (Court File # 21). Credithrift then gave notice of appeal to this court (Court File # 24).

Credithrift first argues that the debtors' attorney must file a proof of claim in order to receive payment. Credithrift's argument is that the debtors' attorney is a creditor as defined by the Act.

"Creditor means—

"(A) an entity that has a claim against the debtor that arose at the time of or before the order of relief concerning the debtor; . . ." 11 U.S.C. § 101(9).

and 11 U.S.C. § 501(a) reads:

"A creditor . . . may file a proof of claim."

In view of other provisions of the Bankruptcy Act, Credithrift's arguments are not persuasive. 11 U.S.C. § 329(a) provides:

"Any attorney representing a debtor . . . shall file with the court a statement of the compensation paid or agreed to be paid. . . ."

11 U.S.C. § 330 states:

"After notice to any parties in interest and to the United States trustee and a hearing . . . the court may award to . . . the debtor's attorney—

"(1) reasonable compensation. . . ."

11 U.S.C. § 503 provides the final relevant language:

"(a) An entity may file a request for payment of an administrative expense.

"(b) After notice and a hearing, there shall be allowed . . .

"(2) compensation and reimbursement awarded under section 330 of this title; . . ."

The Court concludes that only a request for payment is required pursuant to 11 U.S.C. § 503. *See* 9A Am.Jur.2d, Bankruptcy § 582; Bankruptcy Rule 13–210.[1]

Credithrift next argues that a debtor's attorney fee is an unsecured claim with priority only over other unsecured claims and must be paid over the life of the plan. Appellant relies heavily on the language of 11 U.S.C. § 1322:

"(a) The plan shall—

"(2) provide for full payment, in deferred cash payments of all claims entitled to priority under section 507 of this title . . ."

11 U.S.C. § 507 includes attorneys' fees. Credithrift argues that "deferred cash payments" means over the life of the plan.

Judge Kelley held that administrative expenses, such as attorney's fees, may be paid in full before payments to other creditors, or may be paid concurrently with such claims. Critical to this holding is the definition of "deferred cash payments". This definition comes from Chapter 11 where certain priority claims must be paid in cash in full before the effective date of the plan. Other priority claims may be paid in deferred cash payments, meaning they may be

paid after the effective date of the plan and in more than one payment. In other words, "deferred" means after the effective date of the plan, not postponed until after the payment of any other claims covered by the plan.

11 U.S.C. § 507 determines priorities of payment and states:

"(a) The following expenses and claims have priority in the following order:

"(1) First, administrative expenses allowed under section 503(b) of this title. . . ."

As pertains to Chapter 13 bankruptcy actions, 11 U.S.C. § 1326 clearly allows concurrent payment of administrative expense claims under § 503(b) with each distribution to creditors under the plan, or allows § 503(b) administrative expenses to be paid first.

"(a) Before or at the time of each payment to creditors under the plan, there shall be paid—

"(1) any unpaid claim of the kind specified in section 507(a)(1) of this title; . . ." 11 U.S.C. § 1326

■ The Bankruptcy Court's decision that attorneys' fees may be paid either before or concurrently with creditors' claims so long as the payment of attorneys' fees begins no later than the first payment to creditors, is consistent with this Court's interpretation of the Act and will be affirmed.

Credithrift's third objection is that the Bankruptcy Court's construction of the plan to allow attorneys' fees to be paid concurrently with the creditors' claims is erroneous. In light of this Court's decision above that such concurrent payments are appropriate, this objection to the Bankruptcy Court's order will be denied.

■ Credithrift's final contention is the debtors' plan set forth in the second paragraph of this memorandum is too vague and does not specifically establish how each creditor shall be paid. This Court agrees with the opinion of Judge Kelley that the

---

1. Bankruptcy Rule 13–210(a): "Every attorney for a debtor . . . shall file with the court . . . a statement setting forth the compensation paid or promised him. . . ."

plan need not explain exactly how each creditor shall be paid. Granting the trustee some leeway in administering the debtors' funds to satisfy the requirements of Chapter 13 avoids unnecessary expense and delay that excessive planning could engender. In any event, the Bankruptcy Court's explanation of the operation of the instant plan is sufficiently definite to cure any vagueness objection Credithrift might harbor. The plan satisfies Chapter 13 and the decision of Judge Kelley in the United States Bankruptcy Court for the Eastern District of Tennessee will be affirmed.

An appropriate order will enter.