In re Robert L. and Lela A. **TENNEY, Debtors.**

**Bankruptcy No. 86–2031–A.**

United States Bankruptcy Court, W.D. Oklahoma.

Aug. 4, 1986.

Anthony W. Villani, Tinker AFB, Okl., for Tinker Credit Union.

Herbert M. Graves, and Joel W. Harmon, of Sullivan, Graves & Densmore, Oklahoma City, Okl., for debtors.

### ORDER

BOHANON, Bankruptcy Judge.

Debtors have proposed a plan pursuant to 11 U.S.C. § 1321. Tinker Credit Union, a partially secured creditor, objects to confirmation pursuant to 11 U.S.C. § 1324.

---

The plan provides for full payment of administrative claims in advance of all other claims. 11 U.S.C. § 1326(b)(1). Tinker objects to this provision because holders of secured claims would receive no disbursements until the third or fourth month of the plan.

We are asked to determine the proper order of disbursement of funds received by the Chapter 13 trustee. Policy considerations are apparent. First priority payment of administrative expenses, generally consisting of attorney fees, may encourage representation in Chapter 13 cases. However, it may be unfair to force creditors to wait for their payments while their collateral continues to be used by the debtors.

At least one court has determined that the requirements of the Bankruptcy Code and policy are met by providing payment of administrative expenses, trustee fees, priority claims, and creditors on a pro rata basis. *In re Parker*, 15 B.R. 980 (Bankr.E.D.Tenn.1981) aff'd, 21 B.R. 692 (E.D.Tenn. 1982). However, that court clearly acknowledged that the Code permits full payment of administrative expenses in advance of all other claims. *Id.* at 983.

The general practice and the edict of the Code are that administrative expenses are to be paid before other claims in both Chapter 11 and Chapter 7 cases.[1] Similarly, subsection 1326(b) provides:

(b) Before or at the time of each payment to creditors under the plan, there shall be paid—

(1) any unpaid claim of a kind specified in section 507(a)(1) of this title; and

(2) if a standing trustee appointed under section 1302(d) of this title is serving in the case, the percentage fee fixed for such standing trustee under section 1302(e) of this title.

This provision requires the payment of administrative expenses and trustee fees before or contemporaneously with creditors. Subsection 1326(c) provides for payments to creditors as specified in the plan or in the order confirming the plan.

Advance payment of attorney fees are regularly obtained in Chapter 7 and 11 cases where retainers are paid prior to the filing. Such practice is also permissible in a Chapter 13 case. There appears to be no basis to treat administrative expenses differently in Chapter 13 cases than in Chapter 7 or Chapter 11 cases. Delaying the payment of these expenses discourages rather than encourages the use of Chapter 13 relief. Assuring attorneys that they will be paid as readily in Chapter 13 as in Chapter 7 cases may prompt increased utilization of the Chapter 13 debt adjustment provisions.

The plan proposes to pay this secured claim in full in deferred payments with interest at 10% per year. This should be adequate to compensate the credit union for the delay in payment. In addition, the credit union has not shown that the 90 to 120 day delay in payment will prejudice its position or cause any harm other than the delay, which is compensated for by the interest. Its only collateral is a 1978 Dodge which it does not contend is rapidly depreciating in value. If such were the case a different result might be called for.

We are advised that the standing Chapter 13 trustee normally pays administrative expenses in deferred payments along with other claims. While we are concerned with the ease of administration of Chapter 13 cases and the inconvenience which inconsistent payment schedules may cause the trustee, the trustee has not objected to the plan provisions in this case.

Tinker also objects to the plan because counsel for debtors had not moved for allowance of compensation and reimbursement of expenses prior to submitting the plan. Subsequently, counsel for debtors submitted their motion for allowances which will be heard and determined at the confirmation hearing.

---

1. 11 U.S.C. § 726(a)(1) and 11 U.S.C. § 1129(a)(9)(A) adopt the priorities specified at

11 U.S.C. § 507. 11 U.S.C. § 507(a)(1) designates administrative expenses as first priority.

Accordingly, Tinker's objection to confirmation of the plan is overruled.