**In re Jay W. LANIGAN, and Denise Nailing, Debtors.**

**Bankruptcy Nos. 86 B 12954, 86 B 12571.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 3, 1986.

Melvin J. Kaplan, Chicago, Ill., for debtors.

Jack McCullough, Chicago, Ill., Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

JACK B. SCHMETTERER, Bankruptcy Judge.

This cause comes before the Court upon the applications of MELVIN J. KAPLAN ("Petitioner") in each of the above-entitled cases for the allowance of attorney's fees as compensation for services rendered in the Chapter 13 proceedings of JAY W. LANIGAN and DENISE NAILING ("Debtors"). The Court indicated intent to allow such fees but make the same payable in installments from the Debtors' payments into their respective plans. Petitioner ob-jected, arguing that the entire fees should be paid up front as priorities.

For reasons set forth below, Petitioner will be paid attorney's fees in installments as the Court indicated, and objections thereto are overruled. This Opinion and Order is being entered separately in each of the above-entitled cases.

## BACKGROUND

On August 22, 1986, Debtor Lanigan filed a Petition and Plan under Chapter 13, calling for monthly payments of $84.00. Court confirmed the Plan on October 16, 1986. On the same date, Petitioner filed an application for allowance of compensation, in the amount of $600.00 on which a balance due was claimed in the amount of $580.00.

On August 15, 1986, Debtor Nailing filed a Chapter 13 Petition. On September 10, 1986, she filed a Petition and Plan, calling for monthly payments of $71.00. The Court confirmed the Plan on October 2, 1986. On the same date, Petitioner filed an application for allowance of compensation in the amount of $600.00 on which a balance due of $567.00 is claimed.

The amounts of both requests were allowed.

## DISCUSSION

The issue before the Court is whether, under Chapter 13, the Court may order attorneys' fees be paid concurrently with the other creditors' claims from Debtor's payments under the Plan, rather than in full before payments to those creditors.

Section 330(a) of the Bankruptcy Code provides for payment of attorneys' fees. 11 U.S.C. § 330(a) (1979 and Supp.1986). Pursuant to section 503(b)(4), attorneys' fees are designated an administrative expense. That section provides:

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity

whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant; ...

11 U.S.C. § 503(b)(4) (1979 and Supp.1986). Furthermore, section 507(a), which determines priorities of payments, lists administrative expenses as the first priority.

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

11 U.S.C. § 507(a)(1) (1979 and Supp.1986). However, section 1326 allows a Chapter 13 debtor to either pay a section 507(a)(1) priority claim either first or concurrently with each payment to other creditors under the plan.

(b) *Before or at the time of each payment to creditors under the plan*, there shall be paid—

(1) any unpaid claim of the kind specified in section 507(a)(1) of this title; ...

11 U.S.C. § 1326(b)(1) (1979 and Supp.1986) (emphasis added).

Therefore, under the Code, "attorneys' fees may be paid either before or concurrently with creditors' claims so long as the payment of attorneys' fees begins no later than the first payment to creditors." *In re Parker*, 21 B.R. 692, 694 (E.D.Tenn.1982).[1]

Thus, in the instant case, this Court has authority to order payment of attorney's fees over the life of Debtors' plans, rather than in full before payments to other creditors begin. The first payments to Petitioner, however, must be paid no later than the first payments to the other creditors. This requirement has already been satisfied. Debtor Lanigan has paid Petitioner $20.00, leaving a balance of $580.00; and, Debtor Nailing has paid him $33.00, leaving a balance of $567.00.

■ The fee balance due in *Lanigan* is $580.00. Lanigan is paying $84.00/month under his confirmed Plan. If the fee were to be paid first, Debtor would be making payments for eight months before creditors would receive their first payment (8 × $84 = $672 less Trustee's fee $69 = $603).

The fee balance in *Nailing* is $567.00. Nailing is paying $71.00/month under her confirmed Plan. If the fee were to be paid first, Debtor would be making payments for nine months before creditors would receive their first payment (9 × $71 = $639 less Trustee's fee $63 = $576).

*Nailing* has a 60–month Plan, under which unsecured creditors are to receive 10%. *Lanigan* has a 36–month Plan under which unsecured creditors are to receive 100%. Both Debtors filed budgets showing little if any room for emergencies.

The profiles presented here are by no means unusual. Chapter 13 plans in this District more often than not do not succeed. Unevaluated data received from the Chapter 13 Trustees in this District shows plan completions are less than half of all cases (Mr. Phelps 46%, Mr. McCullough 10–15%). It is clear that many Plans are presented as a gamble as to whether they will succeed. Debtors gamble their investments in the fees they pay to the Trustee and their attorneys. Creditors gamble that they will receive their promised payments over the life of the plan. All individuals gamble that the shoe-string budgets presented will be met each month. The vast parade of motions each week to modify stays and dismiss cases, as well as the foregoing Trustee statistics, show that all too often those gambles are lost by all concerned.

---

[1] It should be noted that in Chapter 11 proceedings, courts have held that the time of payment of administrative expenses is within the discretion of the bankruptcy court. *See, e.g., In re Isis Foods, Inc.*, 27 B.R. 156, 157 (W.D.Mo.1982); *In re American Resources Management Corp.*, 51 B.R. 713, 719 (Bankr.D.Utah 1985); *In re Misty Touch, Inc.*, 31 B.R. 853, 857 (Bankr.S.D.N.Y. 1983).

There is no reason that has been addressed to this Court to show why the attorneys who present thinly funded plans should not share in the risk of possible failure thereof and thereby be encouraged to scrutinize all plans even more closely. Where plan payments are small and payment of fees out front will delay payments to creditors for many months, the sharing of risk and encouragement of more scrutiny will be served by spreading out payment of attorneys fees over time, at least over the early months of the plans while the debtor and creditors also get some benefit from monthly payments that apply partly to debts.

Accordingly, over the objections of counsel that will be ordered in these cases. In *Lanigan*, attorneys fees of $580.00 will be paid over 20 months at $30.00/month. In *Nailing*, attorneys fees of $567.00 will be paid over 19 months at $30.00/month.

CONCLUSION

Petitioner's applications for allowance of compensation were allowed. However, the payment of those fees will be paid concurrently with the other creditors' claims, over the initial months of the Debtors' Plans as aforesaid. Orders covering the foregoing were separately entered in each case.