In re Douglas SHORB, Debtor.

Douglas SHORB, Appellant,

v.

Celeste BISHOP, Appellee.

Bankruptcy No. 87–06585.

BAP No. WW 88–1103–JAsR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 18, 1989.

Decided July 11, 1989.

Marc S. Stern, Seattle, Wash., for appellant.

Jeffrey Wells, Seattle, Wash., for appellee.

Before JONES, ASHLAND, and RUSSELL, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The debtor Douglas Shorb appeals the bankruptcy court's order approving and determining the method of payment of his attorney's fees.

### FACTS

Subsequent to filing a Chapter 13 petition, the debtor filed a three year plan. The plan contained provisions calling for payment of the debtor's attorney's fees in accordance with § 1326 of the Bankruptcy Code, and required payment to priority creditors in advance of general unsecured creditors.

Celeste Bishop, the debtor's ex-spouse, objected to the confirmation of the plan. She holds a judgment against the debtor. At the confirmation hearing, the court denied the debtor's three year plan but stated that the court would confirm a five year plan. At that time, the debtor orally modified the plan to five years, and the court confirmed the plan.

After the confirmation of the plan, the debtor's attorney filed a motion for compensation of attorney's fees. He requested $4,508 less $1,400 he received before bankruptcy for the net amount of $3,108. The bankruptcy court approved the compensation, but the order provided that the attorney would not be paid for a period of six months during which time the unsecured creditors would be paid. In addition, the court ordered the payment to be at the rate of $125 per month, which was contrary to the provision included in the plan.

The debtor appeals the bankruptcy court's order contending that §§ 507(a)(1) and 1326(b)(1) require his attorney's fees to be paid in advance of unsecured creditors of the estate.

### ISSUE

Whether the bankruptcy court erred in ordering an administrative claim, attorney's fees, to be paid after the payment of unsecured creditors in a Chapter 13 case.

## DISCUSSION

The issue in this case requires an interpretation of 11 U.S.C. § 1326(b). Statutory interpretation is reviewed *de novo*. *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir.1986).

The debtor contends that his attorney's fees are an administrative claim which must be paid before payment to creditors pursuant to § 1326. He further refers to the section in the plan which provides for the advance payment of the attorney's fees.

Section 1326(b)(1) of the Bankruptcy Code provides that:

before or at the time of each payment to creditors under the plan, there shall be paid any unpaid claim of the kind specified in section 507(a)(1) of this title.

This section clearly requires the payment of administrative expenses to be made before or contemporaneously with the payments to other creditors. The use of the word "shall" makes such payment mandatory.

The legislative history to § 1326 also supports that interpretation by stating:

Section 1326 supplements the priorities provisions of section 507. Subsection (a) requires accrued costs of administrative and filing fees, as well as fees due to the Chapter 13 Trustee, to be disbursed before payments to the creditors under the plan. S. REP. No. 95–989 95th Cong. 2d Sess 142 (1978).

The legislative history specifically refers to the payment of the trustee's fees, but included among administrative expenses are reasonable attorney's fees for services rendered. *See* § 503(b). Therefore, attorney's fees must be paid before or contemporaneously with the other creditors under § 1326.

The cases that address this issue also support such a reading of the Code. *See In re Tenney*, 63 B.R. 110 (Bankr.W.D. Okla.1986); *In re Parker*, 15 B.R. 980 (Bankr.E.D.Tenn.1981), *aff'd*, 21 B.R. 692 (E.D.Tenn.1982); *In re Colston*, 11 B.R. 251 (Bankr.N.D.Ga.1981).

The *Tenney* court approved a Chapter 13 plan which proposed full payment of administrative claims in advance of secured claims, thereby postponing disbursements to holders of secured claims until the third or fourth month of the plan. The *Parker* court held that the administrative expenses may be paid concurrently with payments to other creditors.

In this case, the bankruptcy court approved the debtor's attorney's fees. However, the court ordered the payment to be stretched out over a period of time and to be made six months after the confirmation of the plan while other creditors receive payment.

At times, the attorney might waive the right to receive fees before other creditors are paid in order to preserve the feasibility of the plan. Here, the attorney did not. If the payment to the attorney pursuant to § 1326 would have interfered with the feasibility of the plan, the bankruptcy court should not have confirmed the plan.

The bankruptcy court abused its discretion in ordering the attorney's fees to be paid six months after the confirmation of plan while other creditors are being paid. We reverse bankruptcy court's order. The order confirming the plan shall govern the payment of the debtor's attorney's fees.

JONES, Bankruptcy Judge, separately concurring and dissenting.

The Court below allowed the Debtor's attorney fee application in full but delayed payment for six months. During this six month period, unsecured creditors and the trustee are to be paid on their claims. As discussed by the majority, the bankruptcy court's order is contrary to the language of 11 U.S.C. § 1326(b)(1). Moreover, case law has held that attorney fees "may be paid either before or concurrently with creditors' claims so long as the payment of attorney's fees begins no later than the first payment to creditors...." *See In re Parker*, 21 B.R. 692, 694 (E.D.Tenn.S.D. 1982). Accordingly, I concur with that portion of the majority's opinion which reverses the bankruptcy court's order delaying payment to the Debtor's attorney while allowing other creditors to receive payment.

However, I must dissent to the extent that the majority's decision requires full payment of the attorney's fee before unsecured creditors. As stated in *Parker, supra*, attorney fees may be paid concurrent with creditor claims. Requiring advance payment of the entire attorney fee places this single administrative cost in a priority position to the trustee's fee, which is paid concurrent with creditor claims.

Further, the majority's decision here means that the court will have to lift the stay on secured debts in many cases. For example, assume an automobile loan with outstanding balance of $10,000 and vehicle value of $5,000. The plan will typically reduce the debt to the $5,000 value and pay the $5,000 with interest over the term of the plan. Where attorney fees must be paid first, it may mean that no payments to the secured creditor will be made for a substantial period of time. A $5,000 used vehicle might decrease in value by another $1,000 to $1,500 in one year's time. Together with accrual of interest on the $5,000 obligation, that will mean that the secured creditor will become further unsecured by depreciation of his collateral and by the accrual of interest on his $5,000 debt. Consequently, the court would be obligated to deny confirmation of such plan or to lift the stay with respect to the automobile.

Finally, with respect to this particular case, it appears that the Bankruptcy Judge did not agree that the entire fee application should be allowed as fair and just compensation. Rather, it appears that he directed the full amount to be paid in a delayed manner as a compromise to an objection to the application. The record indicates that the Judge was attempting to reduce the amount the attorney was to receive overall rather than merely delay payment. I believe that simply reversing the Judge's decision to delay payment without affording him the opportunity to re-examine the fairness and justness of the award is inappropriate. Consequently, I would reverse the judgment below and remand so that the

Judge may reconsider his order allowing compensation. Accordingly, I respectfully dissent.