In re Eugene V. **PALOMBO** a/k/a Eugene Palombo SS # 522–38–2885 d/b/a Little Valley Farms, EIN # 840–64–1158, Debtor.

**Bankruptcy No. 91–12527–SBB.**

United States Bankruptcy Court, D. Colorado.

Aug. 31, 1992.

Judith A. Shively, Littleton, Colo., for debtor.

William M. Bass, Denver, Colo., Standing Chapter 12 Trustee.

Beverly Edwards, Rider & Woulf, P.C., Aurora, Colo., for Farm Credit Bank of Wichita and Farm Credit Services of the Mountain Plains, Production Credit Ass'n.

Deborah Sweetman, Kenneth S. Copple & Associates, P.C., Fort Collins, Colo., for Jackie Palombo.

John Franks, Franks Law Corp., Denver, Colo., for Franks Law Corp.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court upon an objection lodged August 17, 1992 by Franks Law Corporation and David E. Dennis & Company, P.C. to confirmation of the Debtor's Fourth Amended Chapter 12 Plan of Reorganization. This Court, having reviewed the file, having held a hearing on the issue, and being advised in the premises, issues this Memorandum Opinion and Order.

The sole issue before the Court and one of first impression in this District is whether or not a Chapter 12 debtor may, over objection of his former attorney, pay attorneys' fees incurred in the case over the life of the debtor's Chapter 12 plan. Here, the Debtor's former attorney objects to confirmation of the Chapter 12 Plan and maintains that the fees must be paid on the effective date of the Plan or, alternatively, prior to the payment of unsecured creditor claims.

This Court concludes that a Chapter 12 debtor may pay attorneys' fees over the life of the plan and such a provision will not bar confirmation of debtor's plan.

### I. *Background.*

The Debtor filed a Voluntary Petition pursuant to Chapter 12 of the Bankruptcy Code on February 28, 1991. The case has undergone a somewhat long and tortuous history. Because the Debtor is in the midst of divorce proceedings and awaits final orders and a final determination of property settlement and maintenance, confirmation of a plan in this particular Chapter 12 case has been unduly delayed.

Throughout most of the time pre-confirmation, the Debtor was represented by John Franks of Franks Law Corporation ("Franks").[1] On December 27, 1991, this Court allowed interim compensation for

---

1. Employment of Franks was approved by this Court on March 11, 1991. On June 16, 1992, Ms. Shively filed a Notice of Appearance and Request for Service of Notice on behalf of the Debtor. The Fourth Amended Plan presently under consideration was filed by Ms. Shively. This Court, however, had not formally approved the substitution of counsel at the time of commencement of the confirmation hearing.

fees and expenses to Franks in the amount of $24,281.37. Taking into account the initial retainer and partial and interim payments, the balance of allowed interim compensation due Franks is $13,707.37.

Similarly, David E. Dennis & Company, P.C. ("Dennis") rendered accounting services to the Debtor [2] for which, on December 26, 1991, it was awarded interim compensation for fees and expenses in the amount of $8,318.30. Taking into account the initial retainer, the balance of allowed interim compensation due Dennis is $6,818.30.

Pursuant to the terms of Debtor's Fourth Amended Chapter 12 Plan of Reorganization (the "Plan") submitted by the Debtor's new, "substitute" bankruptcy counsel on July 17, 1992, the balance of the claims of both Franks and Dennis is to be "paid in full in sixty (60) equal monthly installments ... commencing on the Effective Date of the Plan [and the] payments shall be made by the Debtor directly to [Franks and Dennis, respectively]." Plan, p. 5.

At the hearing on confirmation of the Plan, Franks and Dennis objected, believing that the Plan fails to treat their respective Section 503(b)(2) expenses properly, or fairly, by deferring payment of the fees over the course of five years. This Court disagrees and will confirm the Plan by separate Order for the reasons set forth herein.

## II. *Discussion.*

■ Foremost in the formation of this Court's decision is the language of Section 1226(b)(1) of the Code which provides as follows:

> (b) Before **or at the time of each payment to creditors** under the plan, there shall be paid—
>
> (1) any unpaid claim of the kind specified in section 507(a)(1) of this title [administrative expenses]. . . .

11 U.S.C. § 1226(b)(1) (emphasis added). This Court construes Section 1226(b)(1) to clearly and unambiguously state that payments of administrative claims, such as the Franks and Dennis claims, may be drawn

out over time, and could, indeed, be drawn out over the full term of the Plan. *Accord, In re Teigen,* 142 B.R. 397 (Bankr.D.Mont. 1992). *See, generally, In re Muzzey,* 1990 WL 106716 (Bankr.D.Vt.1990) (not reported in B.R.) ("[i]f the § 507 priority expenses are not paid prior to confirmation, then they must be paid within the plan. . . . [The creditor's] post-petition pre-confirmation unsecured claims for $8,628.35 are allowable administrative expenses entitled to first priority status, 11 U.S.C. §§ 364(a); 503(b)(1); 507(a)(1); 1222(a)(2); 1226(b)(1), and are required to be paid through the plan"). *See, also, In re Barbee,* 82 B.R. 470, 473 (Bankr.N.D.Ill.1988) (under Section 1326(b), the spreading of the payment of attorneys' fees over part of or all of the life of a plan is permissible).

Such treatment of attorneys' fees, as administrative claims, is not possible in a Plan propounded under Chapter 11 of the Bankruptcy Code. Section 1129(a)(9)(A) provides:

> [W]ith respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of this title, **on the effective date of the plan, the holder** of such claim **will receive** on account of such claim **cash equal to the allowed amount of such claim.**

11 U.S.C. § 1129(a)(9)(A) (emphasis added).

The comparable provision in Chapter 12, however, provides that a plan must:

> [P]rovide for the full payment, **in deferred cash payments,** of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

11 U.S.C. § 1222(a)(2) (emphasis added).

The contrast between the operative language on this subject between Chapters 11 and 12 is telling. It allows for different treatment of administrative expenses, including attorneys' fees, in Chapter 11 and Chapter 12.

Administrative claimants are in a stronger, or more preferential, position under

---

**2.** Employment of Dennis was approved by this Court on October 3, 1991.

Chapter 11 than they are under Chapter 12, or Chapter 13, for that matter. *See*, 11 U.S.C. § 326(b)(1). *C.f.*, *In re Parker*, 15 B.R. 980 (Bankr.E.D.Tenn.1981), *aff'd*, 21 B.R. 692 (E.D.Tenn.1982). This Court, moreover, cannot disregard the unambiguous language of the statute. The legislative framers must have intended such disparate and favorable treatment for administrative claimants in Chapter 11 cases. If not the wording of Section 1129(a)(9)(A) would have mirrored the wording of Sections 1226(b)(1) and 1326(b)(1). This Court is bound to apply the provisions of the statute as written.

There is no case law dealing squarely with this issue. However, this Court believes that it is beyond dispute that the language of the statute itself allows a Chapter 12 Plan to spread out payment of administrative claims, even over the life of the plan. This Court must caution future plan proponents, however, that such provisions and payment terms must be reasonable so that the spirit of the Bankruptcy Code of paying administrative claims quickly is maintained while still honoring the express provisions of Section 1226(b)(1).

■ This Court finds that the payment scheme as set forth in the instant Plan is reasonable and that the Plan, in its entirety, should be confirmed. It is, therefore,

ORDERED that the objection of Franks Law Corporation and David E. Dennis & Company, P.C. to confirmation of Debtor's Fourth Amended Chapter 12 Plan of Reorganization is OVERRULED; and it is

FURTHER ORDERED that confirmation of Debtor's Fourth Amended Chapter 12 Plan of Reorganization shall be granted by separate order.