In re Harry and Delores **MEADOWS**,
Debtors.

No. 03–51233.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Sept. 4, 2003.

Charles J. Schneider, Livonia, MI, for
Debtors.

David Wm. Ruskin, Southfield, MI, Office of the Chapter 13 Standing Trustee.

*OPINION DENYING TRUSTEE'S OBJECTION TO CONFIRMATION OF
DEBTORS' CHAPTER 13 PLAN*

MARCI BETH MCIVOR, Bankruptcy
Judge.

This matter came before the Court at a
hearing on July 31, 2003. The Court took
under advisement the issue of whether a
Chapter 13 plan can require the Trustee to
reserve for thirty days monies for payment
of attorney fees pending submission of a
fee application. As further explained below, the Court hereby denies the Trustee's
objection.

I

*FACTUAL BACKGROUND*

On June 24, 2003, Debtors filed their
Chapter 13 plan of reorganization. Section II.I of the plan provides that Class
One claims shall be paid in advance of
others. Further, under "Treatment of
Claims," Section I.D.1.b, the plan provides:

1. Class One—Administrative Expenses

b. Attorney fees and costs: To be determined by fee application. For 30 days following the entry of the Order Confirming Plan, the Trustee shall hold from distribution the sum of $2,000.00 as a fund for the payment of the attorney fees and costs that shall be determined by the court pursuant to 11 U.S.C. § 330 and L.B.R.2016–2 (E.D.M.). If no application has been served and filed within this 30 day period, the reserved funds will be released for distribution to creditors.

The Chapter 13 Trustee objected to the attorney fee provision in the Debtors' plan, claiming that it is unnecessary and unduly burdensome for the Trustee to administer, that it is contrary to F.R. Bankr.P. 3021, and that it may delay payments to other creditors.

The Debtors' plan utilized the form plan, known in this district as the "Model Plan." The language regarding attorney fees in the Model Plan deviates very slightly from the language in the Debtors' plan. The Model Plan, Paragraph II(1)-Treatment of Class One Administrative Expenses, provides:

For 30 days following the entry of the Order Confirming Plan, the Trustee shall hold from distribution the sum of $_____ as a fund for the payment of the attorney fees and costs that shall be determined by the court pursuant to 11 U.S.C. § 330 and Local Rule 2016–2. If no application has been served and filed within this 30 day period, the reserved funds will be released for distribution to creditors.

The standard fee sought by Chapter 13 attorneys in this District at confirmation is $1,400. The only manner in which Debtors' Plan deviates from the Model Plan is by adding the language "To be determined by fee application" and by requesting $2,000 rather than the standard fee.

II

## ANALYSIS

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b).

■ Section 1326 of the Bankruptcy Code governs the Trustee's distribution of plan payments. It provides:

(a)(1) Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.

(2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

(b) *Before or at the time of each payment to creditors under the plan, there shall be paid—*

*(1) any unpaid claim of the kind specified in section 507(a)(1) of this title . . . .*

11 U.S.C. § 1326(a) & (b) (emphasis added). Section 507(a)(1) provides that administrative expenses allowed under section 503(b) have first priority. Section 503(b)(2) in turn provides that compensation and reimbursement under section 330(a) are allowed administrative expenses. Section 330(a) provides for attorney fees and costs for Debtors' attorney, approved by the court under section 327. In other words, "[f]ees awarded to attorneys representing chapter 13 debtors are administrative expenses." *In re Pedersen,* 229 B.R. 445, 449 (Bankr.E.D.Cal.1999).

■ Section 1326(b) requires the payment of administrative expenses such as attorney fees to be made before or contemporaneously with the payments to creditors. "The use of the word 'shall' makes such payment mandatory." *In re Shorb*, 101 B.R. 185, 186 (9th Cir. BAP 1989). *Accord In re Cason*, 190 B.R. 917, 933 (Bankr.N.D.Ala.1995). *See In re Parker*, 15 B.R. 980, 983–84 (Bankr.E.D.Tenn. 1981) (pursuant to § 1326(b), trustee could, but is not required to, pay administrative expenses in full before making any payment on secured claims). Congress intended to provide special protection to administrative claims in Chapter 13 cases. *Cason*, 190 B.R. at 933. For example, in *Shorb*, the Ninth Circuit Bankruptcy Appellate Panel held that the bankruptcy court abused its discretion by ordering that attorney fees be paid six months after plan confirmation while other creditors were being paid. *Id.* at 187.

The precise manner and timing of payment of attorney fees in Chapter 13 cases varies among jurisdictions and is controlled by local rules and customs. 2 Keith M. Lundin, Chapter 13 Bankruptcy, § 100.4, 100–8 (3d ed.2002).[1] Some courts permit attorney fees to be paid concurrently with the claims of creditors over a term of months, emphasizing that the Code does not give attorneys a *right* to be paid first. *See, e.g., In re Pappas & Rose, P.C.*, 229 B.R. 815, 817–20 (W.D.Okla.1998) (attorney fees to be paid over 24 months as attorney has no statutory right to be paid ahead of creditors); *In re Cook*, 205 B.R. 437, 443 (Bankr.N.D.Fla.1997) (Code does not require that attorney fees be paid first; they may be paid before *or* contemporaneously with creditors). Other courts have approved of the payment of attorney fees

first, because section 1326(b) expressly permits the payment of attorneys before creditors. *In re Tenney*, 63 B.R. 110, 111 (Bankr.W.D.Okla.1986) (court approved plan which paid administrative claims prior to disbursements to creditors).

■ While acknowledging that section 1326(b) requires payment of attorney fees before or at the time of each payment to creditors, the Trustee in this case objects to the provision requiring a 30 day escrow of estimated fees. The Trustee argues that the escrow is unnecessary and is not permitted by the Code. However, the Trustee points to no Code provision that prohibits such an escrow. In fact, the Code permits Chapter 13 plans to include any appropriate provision not inconsistent with the Code. 11 U.S.C. § 1322(b)(10).

Further, some courts have approved of a fee reserve like the reserve sought here. *See, e.g., In re Patterson*, 2002 WL 77042 * 3 (Bankr.D.Colo. Jan.10, 2002) (chapter 13 plan which provides for fee reserve is acceptable approach for assuring adequate fees for counsel, although such practice may result in abuse or unfair burden on debtor). In this district, Judge Shapero recently held that a holdback of attorney fees pending submission of a fee application is not prohibited by Code and is within the court's discretion. A fee reserve is a reasonable way of effectuating the priority scheme imposed by the Code. *In the Matter of Clark Lee Caverly*, Chapter 13 Case No. 99–58989 (Bankr.E.D.Mich.), May 23, 2000 transcript of confirmation hearing at 12 (Debtors' Brief, Ex. A).

■ The Trustee contends that the fee reserve improperly shifts the burden of a potential plan failure from the Debtors' counsel to the creditors. As explained

---

1. *See generally,* National Association of Consumer Bankruptcy Attorneys Chapter 13 Attorneys Fees & Functions Survey, March 2003 (describes various attorney fee payment methods in many different jurisdictions), Debtors' Brief, Ex. B.

above, section 1326(b) permits the payment of attorney fees either before or simultaneously with payments to creditors. Congress could have required payments to be made in a different order, but it did not do so. Thus, payment of attorney fees prior to distribution to other creditors is not improper, it is expressly permitted under the Code.

The Trustee also argues that only "allowed" claims are entitled to disbursement under 1326(a) and (b)[2] and that attorney fees do not become allowed claims until after a fee application has been filed, notice and opportunity for hearing, and court approval of such fees under sections 330 and 503(b). The Trustee objects to holding back attorney fees pending fee approval, arguing that this effectively prohibits the Trustee from disbursing funds to creditors whose claims already have been allowed.

The Trustee is correct in stating that Section 1326(b) permits disbursement only on allowed claims. Here, however, the Debtor does not seek disbursement prior to allowance of the claim. Instead, the Debtor requests that the Trustee reserve monies for payment of the attorney fees upon allowance by the Court. Administrative priority claims may be estimated and set aside. *Caverly*, May 23, 2000 transcript at 11. While this may delay payment to creditors, the delay is short as the Trustee is required to reserve the funds only until a fee application is filed and approved or disapproved[3] and such fee application must be filed within thirty days. Most fee applications are unopposed, and an Order Granting Fee Application will be entered between twenty and thirty days after the fee application is filed. If a fee application is not filed within thirty days, funds are then released for distribution. Thus, in most cases, the maximum period the Trustee will have to hold funds in reserve is for sixty days after confirmation.

In addition, the Code permits the payment of attorney fees before disbursement to creditors. The Court holds that plan provisions which provide for a reservation of fees are authorized by the Bankruptcy Code. Even so, there are cases in which the reservation of fees would not be approved by the Court. A reservation of fees clause, such as the one contained in this District's Model Plan, represents a careful balancing of interests. On one side of the scale sit counsel for Debtors. Priority payment of administrative expenses, especially attorney fees, encourages competent representation in Chapter 13 cases and may increase the utilization of Chapter 13 itself. *In re Tenney*, 63 B.R. 110, 111 (Bankr.W.D.Okla.1986).

**2.** The Trustee also argues that only allowed claims are payable under F.R. Bankr.3021. Rule 3021 provides:

> Except as provided in Rule 3020(e), after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interest have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed. For purposes of this rule, creditors include holders of bonds, debentures, notes, and other debt securities, and interest holders include the holders of stock and other equity securities, of record as the time of commencement of distribution, unless a different time is fixed by the plan or the order confirming the plan.

Rule 3021 merely provides for distribution to creditors and interest holders after confirmation. It does not address the payment of administrative fees, it does not address when distribution is made, nor does it prohibit the payment of administrative claims prior to the payment of creditors' claims. Rule 3021 is inapplicable to the issue before the Court.

**3.** To the extent that accumulated plan payments exceed the reserve for attorney fees, distribution to creditors starts immediately after confirmation.

Advance payment of attorney fees are regularly obtained in Chapter 7 and 11 cases where retainers are paid prior to the filing. Such practice is also permissible in a Chapter 13 case. There appears to be no basis to treat administrative expenses differently in Chapter 13 cases than in Chapter 7 or 11 cases. Delaying the payment of these expenses discourages rather than encourages the use of Chapter 13 relief. Assuring attorneys that they will be paid as readily in Chapter 13 as in Chapter 7 cases may prompt increased utilization of the Chapter 13 debt adjustment provisions. *Id.* On the other side of the scale sit the creditors, who understandably, would like to be paid as quickly as possible. In this case, and in most cases where the fee application requests a reasonable amount for pre confirmation fees,[4] the scale tips in favor of counsel for the Debtor and the Plan should be confirmed. However, in cases where the amount requested to be reserved is out of line with the services performed, or would cause many months of delay in the distribution to creditors, the scale tips in favor of creditors, and an Objection to Confirmation is appropriate.

The Chapter 13 Trustee also objected to the reservation of fees, claiming that it is unduly burdensome for the Trustee to administer a reserve for attorney fees because it must utilize multiple employees to manually monitor cases where there is a reserve. This argument is not persuasive. The Trustee was an active participant in drafting the Model Plan and the Trustee approved of the fee reservation clause included in the Model Plan. In newsletters disseminated by the Chapter 13 Trustee

and in the *Attorney Handbook for Chapter 13 Practitioners,* 2d edition, p. 85,[5] the Chapter 13 Trustee explicitly states that the reservation of fee provision is acceptable to the Chapter 13 Trustee. Debtors' Brief in Support of Confirmation, Ex. D, E, & F. It is disingenuous for the Trustee to object to confirmation of Chapter 13 plans solely on the grounds that counsel has requested a reservation of fees, when materials published by the same Trustee's office approve the reservation of fees. Moreover, the increase in the Trustee's costs due to the need to manually monitor cases with a fee reservation is outweighed by the public policy of encouraging attorneys to represent Chapter 13 debtors.

### III

### *CONCLUSION*

Being fully advised in the premises, having read the pleadings, and for the reasons stated above, the Trustee's objection to confirmation of the Debtors' Chapter 13 plan is DENIED.

---

4. The Attorney Handbook for Chapter 13 Practitioners published by the Office of the Chapter 13 Trustee suggests that any fee application requesting in excess of $4,000 will be carefully scrutinized by the Trustee. Handbook at p. 85

5. The Attorney Handbook for Chapter 13 Practitioners is published by the Office of the Chapter 13 Trustee and is widely distributed by the Trustee.