**In re Kenneth Ray BLACK and Mary Kathryn Black, Debtors.**

**Bankruptcy No. BK–89–03340–LN.**

United States Bankruptcy Court, W.D. Oklahoma.

July 16, 1990.

Herbert M. Graves, Sullivan, Graves & Densmore, P.C., Oklahoma City, Okl., for debtors.

Lyle R. Nelson, Jones, Blaney & Williams, Oklahoma City, Okl., for Chapter 13 trustee.

. Ann Spears, Oklahoma City, Okl., Chapter 13 trustee.

---

## ORDER ON APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

PAUL B: LINDSEY, Bankruptcy Judge.

Debtors filed their Chapter 13 petition herein on May 26, 1989. Debtors were represented by counsel, Mr. Herbert M. Graves, of Sullivan, Graves & Densmore, P.C., Oklahoma City, Oklahoma (hereafter referred to, individually and collectively, as "counsel for debtors" or "applicant"). Pursuant to 11 U.S.C. § 329, a Disclosure of Compensation Paid of Promised to Attorney for the Debtor, signed by counsel for debtors, was filed with the petition.[1] In that document, it is asserted that no amount had been paid to counsel for debtors, but that debtors had promised "$750 + per contract." No further elaboration is provided and no contract or copy thereof accompanies the document, nor has the same subsequently been submitted.

The meeting of creditors pursuant to 11 U.S.C. § 341 was held in due course on June 23, 1989. During June 1989, debtors' Chapter 13 plan was filed and during June and July, their schedules were amended.

On February 5, 1990, this court entered its order confirming debtors' Chapter 13 plan, and its addendum to that order, the latter providing for increased plan payments from and after May 1, 1990. Both of these orders were approved for entry, in accordance with the local rules of this court, by counsel for debtors, and by the Chapter 13 Trustee. In the order confirming the plan, the Trustee is specifically authorized to pay from the estate to counsel for debtors, the sum of $750.00, "for

---

**1.** Section 329 provides, in material part, as follows:

(a) Any attorney representing a debtor in a case under this title, ... whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate if the property transferred—

(A) would have been property of the estate; or

(2) the entity that made such payment.

reimbursement of expenses and compensation in accordance with the terms and conditions of the Plan."

On June 1, 1990, counsel for debtors filed an application for allowance of interim compensation and reimbursement of expenses, seeking interim compensation in the amount of $4,337.65 and reimbursement of expenses in the amount of $16.05. Attached to the application was supporting documentation in the form of detailed time and expense records, *see In re Seneca Oil Company,* 65 B.R. 902 (Bankr.W.D.Okla. 1986). In the application, it is noted that the applicant had previously been paid $375.00 by the Chapter 13 Trustee. Presumably, the latter amount represents payments made pursuant to the confirmed plan.

An objection to the application was filed by counsel on behalf of the Chapter 13 Trustee. In the objection, it is asserted that this was not a complicated case, that the number of creditors and the amount of secured and unsecured debt were relatively small, that no significant controversy or litigation was required, that the plan was confirmed without objection, providing for payments over a 36–month period with a projected 10% dividend to unsecured creditors, and that certain of the services for which compensation was sought either were not reasonable in the circumstances or were not compensable. The objection concludes to the effect that if the amount sought by applicant is intended to be paid through the plan, the plan should be amended and extended, since the amount sought substantially exceeds the amount scheduled to be paid to unsecured creditors.

A hearing was held before this court on July 10, 1990. At the hearing, the court pointed out to counsel for debtors that its supporting documentation indicated that at the time of the § 341 meeting, applicant had already rendered services valued at $2,236.15, and that when the order confirming the plan was entered, services had been rendered valued at $4,283.70 of the $4,353.70 being sought in the application. Counsel for debtors conceded that he was

aware of these facts at both such times, and that the same had not been brought to the attention of the Trustee.

Counsel for debtors offered no explanation for the approval of the confirmation order specifically stating that applicant was to receive $750.00 through the plan, except to contend that the confirmation order generated by the Trustee's computer required that all priority claims be paid and that the instant claim for compensation and expenses was such a claim.

■ It is the opinion of this court that, in accordance with 11 U.S.C. § 1327, the provisions of debtors' confirmed plan are binding upon counsel for debtors, who approved the order confirming the plan for entry. The granting of the application now before the court would result in no distribution whatever to the unsecured creditors, although the plan and the confirmation order led them to believe that they would receive in excess of $3,000, representing a 10% dividend. At the same time, applicant would be paid almost six times the amount provided for in the order confirming the plan. This would occur even though counsel for debtors was aware at all times that the fees and expenses being accumulated, if awarded, would likely make it impossible for there to be any dividend whatever to unsecured creditors.

The court is not aware whether counsel for debtors contemplated filing the instant application at or prior to the time the § 341 meeting was held or the time the order confirming the plan was presented to the court for execution. Whatever the intentions of counsel for debtors at earlier times or the motivations in filing the application at this time, to grant the application in the circumstances here presented would be unconscionable.

It is noted that there has been no request for modification of the plan, to provide for an extension of the term of the plan or otherwise, in order to accommodate the fees and expenses claimed in the application. Counsel requested that the court, if it declined to grant the application, make a finding that the fees and expenses requested were reasonable and enter an order to

that effect, which counsel for debtors stated that would be considered as a judgment in favor of applicant. This court knows of no authorization for such action in the absence of the filing of an adversary proceeding, and in any event is not inclined to take any such action. The court has serious doubts whether it could find the amount of time devoted to this case to be reasonable, considering the routine nature of the case and the lack of any serious controversy involved in the case or in the confirmation of the plan.

■ It is also noted that the "disclosure" of compensation paid or promised, "$750 + per contract," is wholly inadequate to provide the court with information required by it in order to determine whether the contemplated compensation exceeds the reasonable value of the services rendered or to be rendered, and whether, or to what extent, the agreement should be cancelled and payments ordered returned in accordance with § 329(b). It should be noted that it is probable that these issues would never have arisen had the Chapter 13 Trustee noted the inadequacy of this "disclosure" at the outset and called it to the attention of the court.

Finally, it is noted that counsel for debtors, apparently in support of the application, noted that in filing the application, the applicant was being honest with the court with regard to the compensation sought for its representation of debtors, while other attorneys were compensated "under the table." When asked by the court if this was an accusation that attorneys practicing before the bankruptcy court falsified the disclosure statements required to be filed by them pursuant to § 329, counsel for debtors replied without hesitation in the affirmative. In doing so, he was echoing a similar indictment issued earlier on the same day during the same docket by counsel for the Chapter 12 Trustee.

If these accusations are true, the attorneys filing false statements are violating their oaths as attorneys and the ethics of their profession. They are exposing themselves to disciplinary action, as well as to sanctions under Rule 11, Fed.R.Civ.P. and Rule 9011, Fed.R.Bankr.P. Further, it is noted that attorneys who know of instances of professional misconduct have an ethical responsibility to inform the appropriate professional authority of the same. This court will deal harshly with any attorney found to have filed a false statement pursuant to § 329.

For the reasons stated herein, the application of counsel for debtors for compensation in the amount of $4,337.65 and for reimbursement of expenses in the amount of $16.05, will be denied. Payments by the Chapter 13 Trustee in accordance with the order confirming debtors' plan, in the aggregate amount of $750.00, whether heretofore or hereafter made, shall not be affected by this order.

IT IS SO ORDERED.