**In re Jeffrey W. HOLT and Georgene S. Holt, Debtors.**

**Bankruptcy No. 92 B 50151.**

United States Bankruptcy Court, N.D. Illinois, W.D.

Feb. 2, 1993.

**216**

---

## MEMORANDUM OPINION
## AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

I have had an opportunity to review the pleadings that arise from Hilander's Objection to Trustee's Treatment of Claim. Essentially, the question is whether the Court will respect the terms of the Chapter 13 plan, which provide that the claim of Hilander is in the amount of $17,000.00, or whether the Court will respect the proof of claim of Hilander in the amount of $63,370.00.

■ The Court concludes that the proof of claim filed by Hilander must prevail over the Debtor's attempt to fix the amount of the claim in the terms of the plan. Bankruptcy Rule 3001(f) provides that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The Debtor cites no authority which would permit a debtor to circumvent Rule 3001 by fixing the amount of the claim in the plan. Therefore, a proof of claim timely filed should be allowed in the absence of a successful objection thereto.

■ The amount of Hilander's claim was not decided at the confirmation hearing and, in fact, could not be decided until a proof of claim was filed. The terms of a plan cannot be used to deviate from established proof of claim procedures to determine the amount of a claim. See *In re Roberts,* 138 B.R. 84 (Bankr. N.D.Okla.1992), holding that the terms of a plan cannot be used to void a lien.

■ The need to respect the finality and res judicata effect of a confirmation order cannot be minimized. The Debtor emphasizes that point in his brief. Nevertheless, in a clash between the finality of the confirmation order and the established proof of claim procedure, the latter must prevail. There may be some issues that can be resolved by the Debtor in the terms of the plan, but the amount of a claim is not one of them.

In short, the Court essentially agrees with the analysis of the issues as advocated in Hilander's Memorandum of Law filed August 25, 1992, and in Hilander's Response to Debtor's Memorandum of Law filed September 29, 1992.

■ Consistent with this Memorandum Opinion, the Chapter 13 Trustee should treat claims as allowable in the amount of the proof of claim unless there is a successful objection to claim.

Hilander's Objection to Trustee's Treatment of Claim should be allowed; the Debtors should be given thirty days to file their objection to Hilander's proof of claim.

IT IS SO ORDERED.