In re Gregory HICKMAN.

Gregory HICKMAN, Plaintiff,

v.

UNION NATIONAL BANK OF ARKANSAS, Defendant.

Bankruptcy No. 92–14070S.
Adv. No. 92–4504.

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

May 13, 1993.

Marquis Jones, Little Rock, AR, for debtor/plaintiff.

Joel Taylor, Little Rock, AR, for defendant.

Arnold Jochums, Asst. Atty. Gen., Little Rock, AR.

A.L. Tenney, Chapter 13 Trustee.

## ORDER ON POST TRIAL MOTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the post trial motions filed by the parties. The debtor filed a "Motion for Rehearing" on May 3, 1993. The defendant Union National Bank of Arkansas ("The Bank") filed a "Motion to Alter or Amend Judgment" on May 4, 1993. This cause was initiated by the debtor's Complaint for Turnover filed on May 14, 1992. The debtor purchased his home in January 1986, executing a promissory note and mortgage in favor of the bank. In June 1991, the debtor ceased making his mortgage payments, after which the bank accelerated the loan, after which the debtor's residence was sold pursuant to the Arkansas nonjudicial foreclosure statute. *See* Ark.Stat. 18–50–103 to 18–50–106. The day after the property was sold, the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

Under the confirmed plan, the debtor is to pay $418.61 each month to the trustee who distributes full payment to the creditor taxing authorities, an amount representing the full monthly mortgage payment to the bank, and a payment on the mortgage arrearage to the bank. On April 28, 1992, the bank filed a motion for relief from stay requesting that it be permitted to proceed with state court eviction proceedings. On May 14, 1992, the debtor filed this adversary proceeding, requesting turnover of the property, removal of any "cloud or claim" against debtor's property, damages for violation of the automatic stay, and punitive damages. The debtor asserted that since the confirmed plan provides for payment to the bank, the bank cannot now evict the debtor.

On April 23, 1993, judgment in this case was entered dismissing the complaint but recognizing that the confirmed plan, by which the debtor and the bank are bound, provides for debtor's continued residence in the real property for the life of the plan. 154 B.R. 730. Accordingly, by separate order, *Union National Bank v. Hickman*, CMS No. 92–667 (Bankr.E.D.Ark. Apr. 23, 1993), the motion for relief from stay was denied.

### The Motion for Rehearing

■ The judgment entered on April 23, 1993, did not include any damages for violation of the automatic stay inasmuch as the debtor placed no proof of a violation of 11 U.S.C. § 362, or of any damages, in the record. The debtor "does not recall abandoning his claim for damages or contempt against defendant," and thereby asserts that "if the claim for contempt and damages was abandoned, it was done so in error and the debtor hereby make [sic] claim for damages and contempt as set forth in his Application and Complaint filed herein."

Trial of this adversary proceeding was held and concluded on March 9, 1993. Judgment was entered on April 23, 1993. The time is past for the debtor to place his proof before the Court. If debtor had a meritorious claim for damages, the proof of such matters should have been introduced on March 9, 1993. The complaint included a request for damages and contempt such that the matter was at issue in the adversary proceeding. Pursuant to the parties' pretrial filings and the Court's pretrial orders, the claim for damages was to be tried on March 9, 1993. Since debtor states no grounds by which the record may be reopened for further proof, the Motion for Rehearing must be denied.

### Motion to Amend Judgment

■ The bank's motion is remarkable in one respect: the bank still has not addressed the fact that the confirmed plan, by which the bank is bound, provides for payment to the bank and assumes the debtor's continued residence in the property. The bank only argues that its receipt and

retention of the monthly payments is not sufficient grounds for a finding of a lease. However, the Court's findings regarding the bank's retention of funds was a minor point in the Findings of Fact and Conclusions of Law. The primary basis for determination of a lease was the terms of the confirmed plan.

The bank continues to ignore the terms of the plan which are binding upon all parties. *See* 11 U.S.C. § 1327 ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."). 11 U.S.C. § 1327. The fact that the bank retained payments under the plan, although relevant and supportive of the Court's finding, it is not determinative of the issue. The existence of the confirmed plan was the determinative point in the Court's opinion:

> While the bank may have had numerous legal and equitable objections to the inclusion of its property in the plan, it made no objection despite clear notice of the proceeding and plan. The Court is aware of no authority which would have permitted the debtor to create a leasehold over the objection of the bank.[1]
>
> * * * Under these particular facts, where the bank was active in the case, the neglect in failing to object to the plan and the subsequent confirmation of the plan, constituted acquiescence in the leasehold for the term of the plan. Further support for the debtor's lawful possession for the life of the plan is found in the bank's receipt, deposit, and retention of plan payments. * * *

The bank had the opportunity to protect its rights by objecting to confirmation, but failed to do so. In this case, of even greater import than accepting the payments under the plan was the failure to object to the plan. Further, after confirmation, the bank filed a proof of claim which merely asserted a security interest in, rather than ownership of, the property. The proof of claim thus appears to acknowledge and acquiesce to the plan's terms providing for the debtor's continued residence in the property. Whether by neglect or design, the bank consented to the terms of the plan, thereby creating or, at least, acquiescing to, a lease for the term of the plan.

Findings of Fact and Conclusions of Law (Bankr.E.D.Ark. Apr. 23, 1993).

Rather than addressing the existence of the plan, the bank merely argues that holding the plan payments did not create a tenancy. Again, the bank has failed to credit the Court's factual determination that the bank's failure to object to the plan created the tenancy. This Court expressly found that the bank acquiesced in the leasehold by its failure to object to the plan. The factual findings regarding the payments and proof of claim was further support for this conclusion, but not determinative of the issue. Thus, even were the bank's argument well taken, it is not grounds for altering or amending the judgment. The bank's continued refusal[2] to address the issues raised by confirmation of the plan does not negate the issues or facts.

The bank's assertion that it never sought rent or other compensation is contradicted

---

1. Indeed, the Bankruptcy Court for the Western District of Arkansas recently sustained a creditor's objection to confirmation on the basis that foreclosure proceedings had terminated the debtor's rights in certain real property. *In re Henson*, No. 92–70580M, slip op. (Bankr. W.D.Ark. Apr. 20, 1993). In *Henson*, the mortgagee timely objected to the plan, which provided for retention of the property and payment of the mortgage, on the grounds that the mortgagee was not a creditor and could not be included in the plan. The Court sustained the objection to confirmation on the basis that the debtor did not have an interest in the property. Since the creditor in *Henson* timely objected to the plan, its rights were preserved.

2. The bank was given every opportunity to address this issue. Indeed, the Court directed that final arguments be placed in writing in order that the issues could be completely argued and briefed. The debtor raised the fact that the plan had been confirmed and thus the bank was bound. The Chapter 13 trustee's only argument during the hearing was that the plan had been confirmed. Amazingly, the bank never responded to these arguments.

by the evidence. The bank submitted a proof of claim to the trustee claiming a secured interest in the subject property, setting forth the amount of payments due and the interest rate. It is the proof of claim which entitled the bank to distribution of payment under the plan, and indeed, constituted a request for payment. The fact that the proof of claim did not set forth a claim for "rent" does not obviate its import under the Bankruptcy Code and Rules. Distribution can only be made to creditors whose claims have been filed and allowed. Fed.R.Bankr.Proc. 3021.

Finally, in addition to its argument and citation of legal authority, the bank appended two letters to its motion. Neither of these documents was introduced into evidence at trial. Accordingly, it is improper for the Court to consider these documents. Even were these exhibits properly before the Court, they do not alter this Court's previous findings. The first exhibit is a notice from the Chapter 13 trustee to the bank that a proof of claim must be filed in order to obtain distribution under the plan. Only persons who are creditors may file a proof of claim. Exhibit B is the transmittal letter from the bank's attorneys enclosing the proof of claim. Exhibit B further requests that disbursements under the plan be held by the trustee pending outcome of the instant adversary proceeding. The Court is aware of no duty on the part of the trustee to alter his record-keeping or other procedures for a creditor who cannot determine the content of its claim. Indeed, the trustee is under an affirmative duty to disburse the payment in accord with the confirmed plan. The Bankruptcy Code provides that:

"(a)(2) * * * If a plan is confirmed, the trustee *shall distribute any such payment in accordance with the plan.* * * *

(c) Except as otherwise provided in the plan or in the order confirming the plan, the trustee *shall make payments to creditors under the plan.*"

11 U.S.C. § 1326(a)(2), (c) (emphasis added). The bank cannot castigate the trustee for compliance with his statutory and regulatory duties. The blame for the bank's position lies solely with its actions taken in the course of the bankruptcy proceeding, in particular, its failure to object to the plan which provided for continued payment to the bank as a creditor and debtor as resident of the property. Accordingly, it is

**ORDERED** as follows:

1. The Motion for Rehearing filed by the debtor on May 3, 1993, is DENIED.

2. The Motion to Alter or Amend Judgment filed by Union National Bank of Arkansas on May 4, 1993, is DENIED.

IT IS SO ORDERED.