**In re Paul Joseph ROME, SS# 513–36–1740 and Agnes Marie Rome, SS# 509–42–7475, Debtors.**

**In re David Lee WOODCOCK, SS# 517–84–0127 and Jolynne Marie Locust, SS# 524–92–6319, Debtors.**

**In re Elaine Marie NARANJO, SS# 523–84–3159, Debtor.**

**In re Don M. STEADMAN, SS# 522–29–4643, Debtor.**

**Bankruptcy Nos. 90–B–00353–A, 90–19354–SBB, 90–B–02802–A and 92–21864–SBB.**

United States Bankruptcy Court, D. Colorado.

Aug. 12, 1993.

As Modified Aug. 18, and Aug. 31, 1993.

Stephen E. Berken, Denver, CO, for debtors Paul and Agnes Rome.

James E. Martin, Jr., Burke & Castle, P.C., Denver, CO, for Bank One Denver, N.A. Englewood Bank Center.

Sally Zeman, Denver, CO, Standing Chapter 13 Trustee.

David Lee Woodcock and Jolynne Marie Locust, pro se.

Monty Hogue, Lowery and Lowery, P.C., Denver, CO, for Gen. Motors Acceptance Corp.

Martin J. Berkley, Denver, CO, for debtor Elaine Marie Naranjo.

C.J. Pollara, Lakewood, CO, for debtor Don M. Steadman.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the following:

1. *In re Rome* (90–B–00353–A).

a. Motion for Post–Confirmation Modification Pursuant to 11 U.S.C. Section 1329 filed by Debtor on December 16, 1992 and objections thereto filed by Bank One—Denver on January 12, 1993 and the Standing Chapter 13 Trustee on January 20, 1993;

b. Motion for Court to Consider Chapter 13 Plan Filed by Debtors as Informal Proof of Claim filed by Bank One—Denver on December 28, 1992, the response thereto filed by Debtors on January 19, 1993, and the objection thereto filed by the Standing Chapter 13 Trustee on January 20, 1993; and

c. Amended Motion for Court to Consider Chapter 13 Plan Filed by Debtor [sic] as Informal Proof of Claim and to Allow Amendment of Informal Proof of Claim and Alternative Motion for Court to Order the Chapter 13 Trustee to Pay Pursuant to the Terms of the Confirmed Chapter 13 Plan filed by Bank One—Denver on March 24, 1993.

2. *In re Woodcock* (90–19354–SBB).

Motion to Commence Distribution to GMAC Pursuant to the Terms of the Confirmed Chapter 13 Plan filed by General Motors Acceptance Corporation on April 21, 1993.

3. *In re Naranjo* (90–B–02802–A).

Motion to Commence Distribution to GMAC Pursuant to the Terms of the Confirmed Chapter 13 Plan filed by General Motors Acceptance Corporation on April 21, 1993.

4. *In re Steadman* (92–21864–SBB).

Motion to Allow Late Claim for the Colorado Department of Revenue filed by the Debtor on April 23, 1993.

The Court, having reviewed the files and being advised in the premises, makes the following findings of fact and conclusions of law and enters the following order.

## I. *FACTUAL BACKGROUND.*

A. *In re Rome* (90–B–00353–A).

Debtors commenced their case by filing a Voluntary Petition pursuant to Chapter 13 of the Bankruptcy Code on January 10, 1990. On September 19, 1990,[1] a Plan was confirmed which provided for payment to First National Bank of Englewood[2] totalling $14,081.00 on its $12,225.00[3] secured debt.[4]

---

1. An identical Order confirming the Plan was also entered on September 26, 1990.

2. First National Bank of Englewood is now known as Bank One–Denver, one of the movants herein.

3. The debt was secured by a "1989 Chevy Blazer" valued at $12,225.00.

4. An additional $5,550.00 of the total debt was alleged to be unsecured and is not specifically at issue.

Neither the Bank nor Debtors filed a timely proof of claim on behalf of the subject debt.

By way of the instant motions, Debtors seek to surrender the vehicle to the Bank, while the Bank seeks to receive payment on its secured claim under the confirmed Plan.

### B. *In re Woodcock* (90–19354–SBB).

On December 24, 1990, the Debtors filed a Voluntary Petition pursuant to Chapter 13 of the Bankruptcy Code. A Plan was confirmed on June 17, 1991 [5] which provided for payment of $7,810.00 to GMAC on its $6,650.00 [6] secured debt.

Neither GMAC nor Debtors filed a timely proof of claim on behalf of the subject debt.

GMAC now seeks to receive payment under the confirmed Plan.

### C. *In re Naranjo* (90–B–02802–A).

On March 12, 1990, the Debtor filed a Voluntary Petition pursuant to Chapter 13 of the Bankruptcy Code. On August 29, 1990, this Court entered an Order which confirmed a Plan which provided that GMAC would receive $12,182.00 on a $10,500.00 [7] secured debt.[8]

Neither GMAC nor Debtor filed a timely proof of claim on behalf of the subject debt.

GMAC seeks herein to receive payment on its secured claim under the confirmed Plan.

---

**5.** The Order was amended on March 19, 1992 to reflect the correct Plan payment dates.

**6.** The debt was secured by a "1987 Chevrolet Blazer S–10" valued at $6,650.00.

**7.** The debt was secured by a "1989 Grand Prix" valued at $10,500.00.

**8.** An additional $6,500.00 of the total debt was alleged to be unsecured and is not specifically at issue.

**9.** The debt was secured by a lien on personal property valued at $150.00.

**10.** An additional $1,037.00 of the total debt was alleged to be unsecured.

### D. *In re Steadman* (92–21864–SBB).

Debtor commenced a case under Chapter 13 of the Bankruptcy Code by filing a Voluntary Petition on September 22, 1992. A Plan was confirmed on January 22, 1993 which provided for payment of $174.00 on a $150.00 [9] secured debt [10] held by the Colorado Department of Revenue.

Neither the Colorado Department of Revenue nor Debtor filed a timely proof of claim on behalf of the subject debt.

Debtor filed the instant motion seeking permission to file an untimely proof of claim to allow the Colorado Department of Revenue to receive payment on its secured claim under the confirmed Plan.

## II. *ANALYSIS.*

All of the cases currently before this Court involve creditors that are recognized to be at least partially secured. Timely proofs of claim were admittedly not filed [11] and, consequently, the Chapter 13 Trustee has refused to distribute funds to the creditors on behalf of their secured claims.

In a recent opinion, the Honorable Charles E. Matheson examined the legislative history of Section 501 which provides as follows:

> This subsection is permissive only, and does not require filing of a proof of claim by any creditor. It permits filing where some purpose would be served, such as where a claim that appears on a list filed under 11 U.S.C. §§ 924 or 1111 was incorrectly stated or listed as disputed, contingent, or unliquidated, where a creditor

---

**11.** Consequently, this case differs from a case where this Court previously found that a plan confirmed before the claims bar date does not bind creditors that file timely proofs of claim which conflict with the terms of the confirmed plan. *In re Randell,* Bankr. Case No. 90–13733–SBB (Memorandum Opinion and Order entered August 5, 1992). *See also, In re Holt,* 153 B.R. 215 (Bankr.N.D.Ill.1993) (a proof of claim timely filed should be allowed in the absence of a successful objection thereto and the terms of a plan cannot be used to deviate from established proof of claim procedures to determine the amount of a claim).

with a lien is undersecured and asserts a claim for the balance of the debt owed him (his unsecured claim, as determined under proposed 11 U.S.C. § 506(a)), or in a liquidation case where there will be a distribution of assets to the holder of allowed claims. In other instances, such as ... in situations where a secured creditor does not assert any claim against the estate and a determination of his claim is not requested under proposed 11 U.S.C. § 506(d) ... filing of a proof of claim may simply not be necessary.

*In re Babbin,* 156 B.R. 838 (Bankr.D.Colo. 1993) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977), and S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978)).

After examining the language of Rule 3002(a), Fed.R.Bankr.P., which states that "an unsecured creditor or an equity security holder must file a proof of claim or interest to be allowed," Chief Judge Matheson observed: "Nowhere in the Rules is there a mandate that a secured creditor file a proof of claim." *Babbin, supra* at 847. Finding that the plan and motion under consideration clearly specified the debtor's contention of value and sought a determination of the value of the collateral and explicitly advised the creditor that if no objection was filed, the

creditor would receive the amount specified in the plan, the *Babbin* court concluded "there can be no plausible reason to require the secured creditor to file a proof of its secured claim." *Babbin, supra* at 849. This Court will agree with and adopt *Babbin* insofar as it applies to secured creditors and (a) a confirmed Chapter 13 plan, (b) timely and correctly noticed to the secured creditor, and (c) which expressly and explicitly provides for certain treatment of the creditor's secured claim.[12]

 In so ruling, this Court agrees that the Chapter 13 Trustee is bound to distribute funds to secured[13] creditors in accordance with a confirmed plan[14] even absent a proof of claim being timely filed.[15] "Section 1326(c) of the Code directs the trustee to 'make payments to creditors under the plan.' It does not say 'in accordance with the proof of claim,' but according to 'the plan.'" *Babbin, supra* at 850.

This Court specifically does not embrace the holding of *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992) as does the Honorable Roland J. Brumbaugh in *In re Judkins,* 151 B.R. 553 (Bankr.D.Colo.1993) and the Honorable Donald E. Cordova in *In re Edwards,*

---

12. By necessity, and for the sake of uniformity among the judges of this Court, I am now abandoning a portion of a prior decision that proofs of claim are necessary, even for secured creditors. *In re Johnson,* 95 B.R. 197 (Bankr.D.Colo. 1989). The portion of the *Johnson* opinion which deals with the inadequacy of notice to the Internal Revenue Service remains intact. As discussed *infra,* this decision does not apply, however, to unsecured claims, as in *Babbin.* Certain circumstances suggest that a proof of claim should be filed, such as when a creditor with a lien is undersecured and wishes to assert a claim for the balance of the debt owed him which is over and above the value of the collateral. 11 U.S.C. § 506(a). Indeed, the Tenth Circuit recently held that in circumstances where the undersecured creditor seeks distribution for an unsecured claim, filing such a claim may be required for treatment as an unsecured creditor. *See, In re Harrison,* 987 F.2d 677 (10th Cir.1993).

13. Chief Judge Matheson goes on to conclude that a plan may constitute an informal proof of claim. *Babbin, supra* at 851–52. This Court has consistently rejected this argument for its failure to meet the requirement that the writing contain

a demand by the creditor on the debtor's estate. *See, In re Kirklin,* Bankr. Case No. 89–B–12830–A (Order entered November 15, 1991) and *In re Brones,* Bankr. Case No. 90–19489–PAC (Order entered February 23, 1993).

14. It is imperative, therefore, that a plan and schedules contain sufficient information, including a correct creditor name and address, in order to allow proper processing of these payments by the Chapter 13 Trustee.

15. When a proof of claim has been timely filed, this Court has also held that distributions should be made according to the terms of a confirmed plan. *See, Fleet Real Estate Funding Corp. v. Fewell,* Adv.Pro. No. 92–1579–SBB (Order entered January 14, 1993) (timely filed proof of claim which exceeds amount set forth in the confirmed plan is paid according to the plan and lien for balance survives). *But see, In re Randell,* Bankr. Case No. 90–13733–SBB (Order entered August 5, 1992) (holding that a plan must be amended to provide for payment of a priority tax claim, proof of which was timely filed post-confirmation to conform with 11 U.S.C. § 1322(a)(2)).

162 B.R. 868 (Bankr.D.Colo.1993).[16] Such a broad all-encompassing conclusion as expressed in *Hausladen* [17] is not necessary in light of this Court's conclusion that secured creditors need not file proofs of claim in order to receive payment on their secured claims according to the terms of a confirmed plan. This Court believes that timely filed proofs of claim for unsecured claims, pursuant to Rule 3002(c), Fed.R.Bankr.P., is legally required, appropriate, and necessary in Chapter 13.[18]

This Court would respectfully disagree with the *Hausladen* line of cases for several reasons, most of which are artfully expressed in recently published cases such as *In re Johnson*, 156 B.R. 557 (Bankr.N.D.Ill.1993); *In re Zimmerman*, 156 B.R. 192 (Bankr. W.D.Mich.1993) (*en banc*) [19]; and *In re Bailey*, 151 B.R. 28 (Bankr.N.D.N.Y.1993). This Court adopts the views, rationale, and decisions in those opinions.[20] Briefly, this Court notes the following particular factors:

1. Congress is knowledgeable and capable of expressly eliminating the requirement of filing proofs of claim, if it wanted to do so. It did so in the Chapter 11 context. *See*, 11 U.S.C. § 1111(a). It has not done so in the other chapters.

2. The express, clear language of Rule 3002(c), Fed.R.Bankr.P., requires filing a proof of claim in cases under the remaining Chapters, 7, 12, and 13.[21] *Hausladen's* argument that Rule 3002 was "hastefully" written and thus is to be entirely ignored is not persuasive.

3. Rule 3002, Fed.R.Bankr.P., fills the procedural void intentionally left by Congress and the Bankruptcy Code. Congress both (a) expressly relegates to the Supreme Court the right and obligation to promulgate procedural rules and (b) acquiesced in the appropriateness of the proposed rules. The "*presumptive validity*" of the Bankruptcy Rules as accurately reflecting congressional intent is

16. *In re Hausladen*, 146 B.R. 557 (Bankr. D.Minn.1992) is also implicitly adopted by the Honorable Patricia A. Clark in *In re Brones*, Bankr. Case No. 90–19489–PAC (Order entered March 18, 1993 summarily adopting *Judkins*), and by Chief Judge Matheson in *Babbin* (although the adoption of *Hausladen* does not appear to materially affect the ultimate conclusion reached).

17. (I.e., late-filed claims in Chapter 13 are not disallowed by virtue of Section 502 and are thus allowed claims; Rule 3002(c), Fed.R.Bankr.P., does not live!)

18. This Court is herein adopting a compromise position with regard to secured claimants for purposes of achieving uniformity among the various divisions in this District. (A worthwhile goal sought nationwide, as evidenced by the unusual appearance of *en banc* decisions on this issue.)

19. The court reasoned that Section 501, which governs the filing of proofs of claims, creates the substantive right to file a claim and identifies the parties holding that right. The merits of a claim are analyzed under Section 502, which provides for the allowance of proofs of claim, only if the prerequisites for filing have been met. One procedural prerequisite contemplated by Section 501, the court stated, is a time limit in which to file claims. This time limit, although not mentioned in Section 501, is provided by Rule 3002, Fed.R.Bankr.P., which governs the procedural conditions for filing proofs of claim. Although Rule 3002 does not explicitly state that late

claims are barred, timely filing is nonetheless a prerequisite to allowance.

The conclusion that claims may not be disallowed based on timeliness resulted from an overbroad use of the term "disallow," and the consequent blurring of a procedural rule with substantive considerations, the court suggested. Barring a claim as untimely and, thus, preventing it from ever being deemed "allowed" under Section 502, is not equivalent to disallowing the claim under Section 502. More precise use of the terms "bar" and "disallow," the court stated, would prevent this confusion. Adopting this terminology, the court concluded that once it is determined that a claim is not "barred" for procedural reasons, including timeliness, it then can be determined whether the claim should nonetheless be "disallowed" under Section 502 for other reasons.

20. This Court recognizes the fact that the arguments found very persuasive by this Court, as presented in cases like *Johnson*, *Zimmerman*, and *Bailey*, are applicable to secured, as well as unsecured, claims. Thus, there is a paradox: I am adopting the reasoning and law expressed in *Zimmerman*, etc. for unsecured claims, but not secured claims. Still, I opt for uniformity in practice with respect to secured claims so the Court, the Chapter 13 Trustee, the bar, and parties alike may have consistency in practice and application of the law in this critical area.

21. Application to Chapter 9 is more ambiguous.

almost inescapable.[22]

4. The elaborate and specific framework for orderly and sequential rights to file proofs of claim (e.g., creditor, co-debtor, then debtor, trustee set forth in 11 U.S.C. § 501(a), (b), (c); Rule 3004, Fed. R.Bankr.P.) is rendered relatively meaningless if timeliness of their filing is not an issue.[23]

5. The presence of numerous conflicting reported cases on this issue, including two recent *en banc* opinions, illustrates the sharp and substantial differences of opinion on this subject. The *Hausladen* approach on unsecured claims, in this Court's view, does not present a strong and compelling argument for rejecting or abandoning precedent in this Circuit that allows for barring proofs of claim (albeit Chapter 11's) solely on the basis of their untimely filing. *See, In re Herd,* 840 F.2d 757, 759 (10th Cir.1988). *See, also, In re Harrison,* 987 F.2d 677 (10th Cir.1993) (recent Chapter 12 case expressly recognizing an undersecured creditor's obligation to file a proof of claim, on the unsecured portion of its claim, in compliance with Rule 3002(a), Fed.R.Bankr.P., in order to have it considered for allowance and distribution).[24]

6. *Hausladen's* reliance on Section 726 as a rationale for allowing late-filed claims in Chapter 13 is misplaced. As discussed by the Honorable Susan P. Sonderby in *In re Johnson,* 156 B.R. 557, *supra,* (a) the distribution schemes in Chapters 7 and 13 are fundamentally different (Chapter 7 insures all creditors equal opportunity to collect from a specific estate's "limited assets" fixed in time while Chapter 13 provides for voluntary payment by debtors, over time, from current and future assets), and (b) the more liberal discharge in Chapter 13 is more narrow in scope, applying only to claims provided for in the plan or disallowed pursuant to Section 502. Moreover, allowing distribution on late-filed claims in Chapter 7 is explicitly allowed by statute, Section 726; it is not in Chapter 13.

In accordance with this Court's conclusions herein,

IT IS ORDERED that, with respect to *In re Rome,* Bankr. Case No. 90–B–00353–A:

1. Debtors' Motion for Post Confirmation Modification Pursuant to 11 U.S.C. Section 1329 filed by Debtors on December 16, 1992 is DENIED.

2. Bank One–Denver's Motion for Court to Consider Chapter 13 Plan Filed by Debtors as Informal Proof of Claim and to Allow Amendment of Informal Proof of Claim filed by Bank One–Denver on December 28, 1992 is DENIED.

3. Bank One–Denver's Amended Motion for Court to Consider Chapter 13 Plan Filed by Debtor [sic] as Informal Proof of Claim and to Allow Amendment of Informal Proof of Claim and Alternative Motion for Court to Order the Chapter 13 Trustee to Pay Pursuant to the Terms of the Confirmed Chapter 13 Plan filed by Bank One–Denver on March 24, 1993 is GRANTED, IN PART, as to the alternative relief requested on the basis that no proof of claim is necessary, AND DENIED, IN PART, as to the primary relief requested.

IT IS FURTHER ORDERED that, with respect to *In re Woodcock,* Bankr. Case No. 90–19354–SBB, GMAC's Motion to Commence Distribution to GMAC Pursuant to the Terms of the Confirmed Chapter 13 Plan filed by GMAC on April 21, 1993 is GRANTED on the basis that no proof of claim is necessary.

---

22. *See, Zimmerman, supra* at 196–97.

23. *See, Zimmerman, supra* at 195–96.

24. Also, the Honorable John L. Kane, Jr. of the District Court acknowledged the existence of the *Hausladen* case in *In re Cole,* 146 B.R. 837 (D.Colo.1992). Judge Kane, however, neither rejected nor adopted its rationale when he was faced with the question of whether to bar a proof of claim filed by the Internal Revenue Service in a Chapter 13 case as untimely where the IRS had not received notice of the petition. The case is clearly limited to Judge Kane's discussion, but *Hausladen* was not expressly favored or given honorable mention.

878

IT IS FURTHER ORDERED that, with respect to *In re Naranjo*, Bankr. Case No. 90–B–02802–A, GMAC's Motion to Commence Distribution to GMAC Pursuant to the Terms of the Confirmed Chapter 13 Plan filed by GMAC on April 21, 1993 is GRANTED on the basis that no proof of claim is necessary.

IT IS FURTHER ORDERED that, with respect to *In re Steadman*, Bankr. Case No. 92–21864–SBB, Debtor's Motion to Allow Late Claim for the Colorado Department of Revenue filed April 23, 1993 is DENIED because mere "inadvertence" is not a basis for extending the deadline to file timely proofs of claim [25] and because no proof of claim is necessary.

---

**25.** *In re Smartt Construction Co.*, 138 B.R. 269 (D.Colo.1992) ("excusable neglect").