**In re Wilma Jean SMITH f/k/a Wilma Jean Tate, Debtor.**

Bankruptcy No. 95–31967.

United States Bankruptcy Court, E.D. Tennessee.

Feb. 21, 1996.

Horace M. Brown, Maryville, TN, for Debtor.

Gwendolyn M. Kerney, Chapter 13 Trustee, Knoxville, TN.

## MEMORANDUM ON TRUSTEE'S OB-JECTION TO DEBTOR'S AMEND-MENT TO SCHEDULE F

RICHARD S. STAIR, Jr., Chief Judge.

The court has before it an Amendment filed by the debtor on December 6, 1995, amending Schedule F to her petition to add nine postpetition creditors.[1] The debtor seeks to add these creditors in order that they might be included in her Chapter 13 Plan as unsecured creditors. The Chapter 13 Trustee, Gwendolyn M. Kerney, in a response filed January 24, 1996, entitled "Trustee Objection to Amendment to Schedule of Creditors" (Objection), objects to the Amendment on the grounds that the debtor's plan does not provide for the payment of postpetition obligations and "that she has no authority or funds to pay these post-petition claims."

At a hearing held February 14, 1996, neither the debtor nor her counsel appeared. The Chapter 13 Trustee advised the court that the debtor no longer sought to add the postpetition creditors to her Schedule F and agreed that the Trustee's Objection should be sustained. While the court accepts the debtor's desire not to amend Schedule F over the Trustee's Objection, it nonetheless deems it appropriate to address the issues raised by the Amendment and Objection *sua sponte,* because of the increasing controversy in this court regarding the status of postpetition claims.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (*O* ) (West 1993).

### I

The debtor filed the petition commencing this Chapter 13 case on August 8, 1995. Her Chapter 13 Plan was confirmed on October 3, 1995. The plan provides for payment by the debtor to the Chapter 13 Trustee of $37.00 weekly over sixty months, for payment in full of all administrative expenses and priority claims, for payment of two secured claims, and for a 71% dividend on "[a]llowed unsecured claims" or such greater sum as might be received over the life of the plan. The plan makes no provision for the payment of postpetition claims.

■ Although Fed.R.Bankr.P. 1009 accords debtors the right to amend their schedules "as a matter of course at any time before the case is closed," newly added postpetition debts are not discharged as a matter of right. Bankruptcy Code § 1328 defines the scope of the discharge granted in a Chapter 13 case. With exceptions immaterial to this case, § 1328(a) provides in material part: "As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts *provided for* by the plan...." 11 U.S.C.A. § 1328(a) (West Supp.1995) (emphasis added). Pursuant to § 1322(b)(6), a Chapter 13 plan "may ... provide for the payment of all or any part of any [postpetition] claim allowed under section 1305." 11 U.S.C.A. § 1322(b)(6) (West 1993); *see* 11 U.S.C.A. § 1305 (West 1993). Thus, the discharge of a postpetition debt depends on two factors: first, whether the claim for the postpetition debt is one that is allowed under § 1305, and second, if the claim is allowed, whether the Chapter 13 plan "provide[s] for" the claim.

---

1. For unexplained reasons, the debtor refiled the identical Amendment on December 15, 1995.

■ None of the nine postpetition debts sought to be added by the debtor satisfy the criteria for discharge of postpetition debts under §§ 1305, 1322(b)(6), and 1328(a). None of the postpetition claims are allowed claims that have been "provided for" by the debtor's Chapter 13 Plan.[2]

## II

■ Pursuant to § 1322(b)(6), postpetition claims allowed under § 1305 are the only types of postpetition claims that may be provided for by a Chapter 13 plan. For a postpetition claim provided for by the plan to be allowed, the claim must satisfy two requirements under § 1305. First, a claim must either be, pursuant to § 1305(a)(1), for taxes that become payable while the debtor's case is pending, or pursuant to § 1305(a)(2), it must be for a consumer debt arising during the debtor's case "for property or services necessary for the debtor's performance under the plan." Second, under § 1305(b), the holder of such claim must file a proof of claim. Only the holder of a § 1305 claim may file a proof of the claim; a debtor may not file proof of a § 1305 claim on behalf of the holder of such claim. *In re Trentham*, 145 B.R. 564, 567 (Bankr.E.D.Tenn.1992); *In re Goodman*, 136 B.R. 167, 169–70 (Bankr. W.D.Tenn.1992); *RTO Rents v. Benson (In re Benson)*, 116 B.R. 606, 607–08 (Bankr. S.D.Ohio 1990); *see* 11 U.S.C.A. § 501(c) (West 1993); Fed.R.Bankr.P. 3004.

■ The debtor's Amendment does not evidence that any of the nine postpetition creditors could satisfy the first requirement entitling a creditor to file a claim under § 1305(a), i.e., that the debt is for postpetition taxes or the debt was incurred "for property or services necessary for the debtor's performance under the plan."[3] Six of the postpetition creditors, Check Into Cash, Check Advance, National Check Advance, Check Cashing, Fast Funds, and Campus Check Cashing, are listed as the holders of a "bad check" given by the debtor. A seventh creditor, Blount Finance, is stated to have made a "personal loan" to the debtor, while the final two creditors, Sprint and Alcoa Utilities, are stated to have provided the debtor with "services." A question arises whether any of the nine postpetition creditors meet the criteria entitling them to file a proof of claim pursuant to § 1305(a).

As previously discussed, a discharge under § 1328(a) discharges all debts "provided for" by the plan. The term "provided for" is not defined in the Bankruptcy Code or explained in its legislative history. Courts have, however, in interpreting the scope of a discharge under § 1328(a) held that the phrase "provided for" simply requires that for a debt "to become dischargeable the plan must 'make a provision for' it, *i.e.*, deal with it or refer to it." *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1122 (9th Cir.1983) (quoting *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 19 B.R. 668, 670 (9th Cir. BAP 1982), *aff'd*, 705 F.2d 1118); *see Border v. Internal Revenue Serv. (In re Border)*, 116 B.R. 588, 594 (Bankr.S.D.Ohio 1990). The

---

2. The court uses the term "allowed claims" in the manner dictated by Code § 502(a) which provides that "[a] claim ... is deemed allowed, unless a party in interest ... objects." 11 U.S.C.A. § 502(a) (West 1993). As § 1305 accords certain postpetition creditors the right to file claims in a Chapter 13 case, an amendment to a debtor's schedules designed to list a postpetition creditor appears relatively unimportant other than to notify the creditor of the pending Chapter 13 case. Although not established by the record in the present case, the court presumes for purposes of this Memorandum that none of the postpetition creditors have filed a proof of claim. If they had filed claims, those claims meeting the § 1305 criteria might well be "allowed claims" within the context of § 502. However, as postpetition claims are not "provided for" in the debtor's plan, they would not be allowed for dividend payment purposes or dis-

charged upon completion of the debtor's plan. *See* 11 U.S.C.A. § 1326(a)(2), (c) (West 1993 & Supp.1995); *Hickman v. Union Nat'l Bank (In re Hickman)*, 156 B.R. 243, 246 (Bankr.W.D.Ark. 1993) ("[T]he trustee is under an affirmative duty to disburse the payment in accord with the confirmed plan."); *see also In re Rome*, 162 B.R. 872, 875 n. 15 (Bankr.D.Colo.1993).

3. The § 1305 criteria entitling a postpetition creditor to file a claim appears to constitute an expansion in Chapter 13 cases of the nine paragraphs of § 502(b) that define the standards of allowability in all bankruptcy cases. *See* 11 U.S.C.A. § 502(b) (West 1993 & Supp.1995). However, other than as related to the payment of dividends, the § 1305 allowance question only becomes material if the Chapter 13 plan "provide[s] for" payment of postpetition claims.

debtor's Chapter 13 Plan in the present case fails to satisfy the "provided for" requirement of § 1328(a) with regard to postpetition claims.[4]

While Fed.R.Bankr.P. 1009 provides a debtor with the general right to amend his or her schedules "as a matter of course at any time before the case is closed," an amendment adding postpetition creditors does not necessarily equate to a discharge of the postpetition debt. To be discharged, the postpetition creditor must hold and file a claim of the kind specified in § 1305(a)(1) or (2),[5] and the plan must "provide[ ] for" the payment of postpetition claims.

As the debtor has agreed that the Trustee's Objection should be sustained, the court need not address the implications of the debtor's absolute right to amend pursuant to Fed.R.Bankr.P. 1009 and whether that Rule prevails notwithstanding that the claims of postpetition creditors in this case would neither be discharged nor entitled to payment of a dividend.[6]

An appropriate order sustaining the Chapter 13 Trustee's Objection and disallowing the debtor's Amendment will be entered.

4. The court cannot find that a plan such as the one in the present case, which only provides with regard to the debtor's treatment of unsecured claims that "[a]llowed unsecured claims [will] be paid in deferred cash payments," can be construed to "deal with" or "refer to" postpetition claims under § 1305. *Gregory*, 705 F.2d at 1122.

5. Even though the postpetition claim may meet the § 1305(a)(2) criteria, the claim may still be disallowed if the postpetition creditor did not meet the requirement of § 1305(c) which provides:

A claim filed under subsection (a)(2) of this section shall be disallowed if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and was not obtained.

11 U.S.C.A. § 1305(c) (West 1993).

6. In its decision in *Trentham*, the court provided debtors and their attorneys with the following procedure for adding postpetition consumer creditors to a confirmed plan:

[F]or Chapter 13 debtors to add postpetition consumer debt to a confirmed plan, the court will require a showing that the debtors and/or prospective postpetition consumer creditors either obtained prior approval from the Chapter 13 trustee for the incurring of that debt or that prior approval was not practicable. Further, the court will only allow the addition of those postpetition consumer creditors if they are to be paid 100% unless the creditor affirmatively consents to be paid less than 100%.... Assuming that such a postpetition consumer creditor is added and files a proof of claim, the addition of postpetition creditors to the confirmed plan will not be approved if the result will adversely impact existing prepetition creditors holding allowed claims, unless the debtors have complied with those procedures required by this court's General Order No. 92–2 entitled "Procedure In Chapter 13 Cases For Post Confirmation Plan Modification Under 11 U.S.C. § 1329." [Now Local Bankr.R. 13(h)]. 145 B.R. at 569 (citation omitted). The present Memorandum is not intended or deemed to retreat from or add to the *Trentham* decision.