In re Lucille HALLMARK, Debtor.

No. SA 97–20657 JR.

United States Bankruptcy Court,
C.D. California,
Santa Ana Division.

Sept. 10, 1998.

Bruce Fink, Santa Ana, CA, for Debtor.

Elizabeth A. Lossing, Staff Atty. for Amrane Cohen, Orange, CA, Chapter 13 Trustee.

Sheryl I. Schrager of Edward G. Schloss Law Corp., Los Angeles, CA, for Ress Financial Corp.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

### I. INTRODUCTION

On July 3, 1997, Lucille Hallmark ("Debtor") filed a voluntary chapter 13 petition.

Under the terms of Debtor's confirmed plan, the administrative claim for attorney's fees was listed as $0.00. Subsequent to the confirmation of the plan, Debtor's attorney submitted an application for supplemental fees, which was approved.

The chapter 13 trustee ("Trustee") made the initial disbursement under the plan in a lump-sum payment to secured creditor RESS Financial Corporation ("RESS"). Trustee claims that the payment was made in error because a portion of the payment should have first been applied to the supplemental fee request. Therefore, Trustee brought the motion (the "Motion") requesting that RESS disgorge a portion of the lump sum distribution. After a hearing on August 20, 1998, I took the matter under submission.

## II. JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 157(b)(1). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (L). Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

## III. STATEMENT OF FACTS

On July 3, 1997, Debtor filed a voluntary chapter 13 petition. On July 9, 1997, Debtor filed her first chapter 13 plan. On September 23, 1997, Debtor filed the first amended plan. On November 25, 1997, Debtor filed the second amended plan (the "Plan"). The confirmation hearing was held on December 10, 1997 and continued to January 14, 1998. At the confirmation hearing on January 14, 1998, I confirmed the Plan.

The Plan provides for monthly payments of $948 for 36 months.[1] Class one of the Plan deals with allowed unsecured claims entitled to priority under Bankruptcy Code (the "Code")[2] § 507 and lists attorney's fees as administrative expenses. Under the Plan, the attorney's fees claim is listed as $0.00.

Class two claims under the Plan are claims that are secured by real property that is the debtor's principal residence. Under the Plan, RESS was classified as a class two claimant with an allowed claim of $211,842. The amount in default on the RESS claim is $8,300. Under the Plan, RESS was to receive $730 per month for twelve months to cure the amount in default. After twelve months, RESS was entitled to relief from the automatic stay.

The order confirming the plan (the "Plan Confirmation Order") was entered on January 27, 1998. The Plan Confirmation Order authorized Trustee to make payments to holders of claims secured by real property based on the terms of the Plan. The Plan Confirmation Order also noted that Debtor's attorney had already received $1,600 in fees, and was, therefore, entitled to $0.00 from the estate. The Plan Confirmation Order states: "Debtor's attorney is awarded fees of $1,600; having received $1,600, counsel is entitled to $000.00 from the Estate."

On February 23, 1998, Debtor's attorney filed the application (the "Application") for payment of additional attorney's fees in the total amount of $5,330.50, of which $1,600 had already been approved and paid. The additional $3,730.50 requested in the Application was for work incurred in connection with preconfirmation activities by Debtor's attorney, including negotiating the treatment of the RESS claim under the Plan. On February 27, 1998, an order (the "Fee Application Order") approving the Application was entered, allowing for total fees of $4,853 (the "Fee Award").

On June 27, 1998, Trustee made a distribution of the funds received from the Debtor's estate in the amount of $6,781.71 (the "Payment") to RESS according to the terms of the Plan Confirmation Order. Trustee claims that it mistakenly distributed the entire Payment to RESS rather than follow its normal practice of paying administrative expenses first.

On August 11, 1998, Trustee filed the Motion seeking to obtain an order requiring RESS to disgorge the amount of the Fee Award under Code §§ 503, 507, and 1326(b).

---

[1] However, the order confirming the Plan provides for payments of $948 per month for 38 months.

[2] The Code is set forth in 11 U.S.C. §§ 101–1330 (1998).

Trustee also requested costs of $1,500 for bringing the Motion.

On August 19, 1998, RESS filed an opposition (the "Opposition") to the Motion responding that it was entitled to keep the Payment. RESS argued that the Payment to RESS was authorized and provided for under the Plan, whereas the payment of the Fee Award to Debtor's attorney was not provided for under the Plan. In order for Trustee to deviate from the terms of the Plan, RESS argued that Trustee was required to file a motion to amend or modify the plan.

After a hearing on August 20, 1998, I took the matter under submission.

## IV. DISCUSSION

The issue is whether a debtor's attorney is precluded by res judicata from receiving an award of preconfirmation fees ahead of a secured creditor whose claim is expressly provided for in the plan, when the debtor's attorney's fee award is not provided for under the terms of the confirmed plan. Trustee's primary contention is that Code § 1326(b) mandates that administrative expenses, such as attorney's fees, be paid before any creditors may receive distribution under the Plan.

■ Code § 1326(b) states: "Before or at the time of each payment to creditors under the plan, there shall be paid (1) any unpaid claim of the kind specified in section 507(a) of this title." 11 U.S.C. § 1326(b). Code § 507(a) states: "The following expenses and claims have priority in the following order: (1) First, administrative expenses allowed under section 503(b)." 11 U.S.C. § 507(a). Therefore, in order for § 1326(b) to apply, the Fee Award must be considered an administrative expense under Code § 503(b).

In the Motion, Trustee argued that the Fee Award is an administrative expense under § 503(b)(4), which provides "reasonable compensation for professional services *rendered by an attorney ... of an entity whose expense is allowable under paragraph (3)* [§ 503(b)(3)] of this subsection." 11 U.S.C. § 503(b)(4) (emphasis added). Section 503(b)(3), however, only pertains to creditors,

custodians, or creditors' committees. *See* 11 U.S.C. § 503(b)(3). Therefore, Debtor's attorney would not be eligible to recover the Fee Award as an administrative expense under § 503(b)(4) because it is not an attorney for a creditor, custodian, or creditors' committee.

However, attorney's fees incurred by Debtor's attorney in a chapter 13 case can constitute administrative expenses under §§ 503(b)(2) and 330(a)(4)(B). *See In re Hanson,* 223 B.R. 775, 778–779 (Bankr.D.Or. 1998); *In re Oliver,* 222 B.R. 272, 274 (Bankr.E.D.Va.1998); *In re Fassinger,* 191 B.R. 864, 865 (Bankr.D.Or.1996). Section 503(b)(2) provides that "compensation and reimbursement awarded under section 330(a) of this title" will be an administrative expense. 11 U.S.C. § 503(b)(2). Section 330(a)(4)(B) states:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and the necessity of such services to the debtor and other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B). Here, Debtor's attorney submitted the Application for work incurred in connection with resolving objections to the Plan. I approved the Fee Award and the Fee Award is an administrative expense under §§ 503(b)(2) and 330(a)(4)(B).

■ The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has held that § 1326(b) "clearly requires the payment of administrative expenses to be made before or contemporaneously with the payments to other creditors. The use of the word 'shall' makes such payment mandatory." *Shorb v. Bishop (In re Shorb),* 101 B.R. 185, 186 (9th Cir. BAP 1989). The administrative claimant is entitled to payment even ahead of secured creditors. *See In re Tenney,* 63 B.R. 110, 111–12 (Bankr.W.D.Okla.1986). However, in *Shorb,* as in the cases in which administrative payments are made under § 1326(b) ahead of creditors, the administrative claim is provided for under the terms of the plan. *See*

*Shorb*, 101 B.R. at 186; *In re Parker*, 15 B.R. 980, 981–82 (Bankr.E.D.Tenn.1981).

Code § 1327(a) provides that: "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). As the Ninth Circuit Bankruptcy Appellate Panel has noted,

> '[t]he purpose of § 1327(a) is the same as the purpose served by the general doctrine of res judicata. There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order . . . .'

*Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 218 B.R. 916, 923 (9th Cir. BAP 1998) (quoting 5 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY ¶ 1327.01[1] (15th ed.1990)).

▮ The Plan states that the total amount of attorney's fees allowable as an administrative expense is $0.00. Both the Plan and the Plan Confirmation Order state that the total payments for attorney's fees under the Plan will be $0.00. Code § 1327(a) prevents Trustee and Debtor's attorney from now claiming that Debtor's attorney is entitled to the amount of the Fee Award or any distribution under the Plan. *See In re Black*, 116 B.R. 818 (Bankr.W.D.Okla.1990). In *Black*, the court held that the debtors' attorney was bound by the order confirming debtors' chapter 13 plan and was, therefore, prevented from seeking compensation in excess of that for which the plan provided. *Id.* at 820. The court noted that the debtors' attorney had full knowledge of the terms of the plan as he approved it and should have filed his application for additional fees prior to plan confir-

mation. Similarly, here, the Application was for preconfirmation work. Debtor's attorney should have filed the Application prior to confirmation of the Plan or otherwise provided for payment under the Plan.

Additionally, as both Trustee and Debtor's attorney noted at the hearing, the Plan was heavily contested and was confirmed only after a lengthy negotiation process between Debtor, RESS, and other creditors. RESS negotiated its treatment under the Plan in good faith and Code § 1327(a) authorizes RESS to rely on the Plan as a binding contract.

▮ "The binding effect of confirmation commits the Chapter 13 Trustee as well." *In re Lee*, 189 B.R. 692, 694 (Bankr. M.D.Tenn.1995). Code § 1326(a)(2) mandates that Trustee will distribute payments according to the terms of the plan. That section states: "If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan *as soon as practicable*." 11 U.S.C. § 1326(a)(2) (emphasis in original). Courts have interpreted § 1326(a)(2) to mean that the chapter 13 trustee has an affirmative duty to disburse payments in accordance with the terms of the confirmed plan. *See Lee*, 189 B.R. at 694; *Hickman v. Union Nat'l Bank of Ark. (In re Hickman)*, 156 B.R. 243, 245 (Bankr. W.D.Ark.1993); *In re Rome*, 162 B.R. 872, 875 (Bankr.D.Colo.1993). Here, the terms of the Plan and the Plan Confirmation Order provide for zero payment to Debtor's attorney. Therefore, Trustee has no authority under the Code to pay the Fee Award from Plan payments.

▮ Furthermore, as RESS notes, the effect of granting the Motion would be to allow Trustee to circumvent the modification of plan procedure set forth in Code § 1329.[3]

---

3. Code § 1329 states:
(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.
(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

"The Code provides a means for modifying the plan; that provision is § 1329." *Max Recovery, Inc. v. Than (In re Than)*, 215 B.R. 430, 435 (9th Cir. BAP 1997). The only way Trustee may change the binding effect of § 1327 is to request modification under § 1329. *Id.* (citing *In re Witkowski*, 16 F.3d 739, 745 (7th Cir.1994)). Therefore, Trustee's motion to circumvent the terms of the Plan by paying the Fee Award to Debtor's attorney is denied.

## V. CONCLUSION

The Fee Award is an administrative expense under Code §§ 503(b)(2) and 330(a)(4)(B). However, Debtor's attorney's claim is listed as $0.00 under the Plan.Code § 1327(a) renders the terms of a confirmed plan binding on the debtor and its creditors. The Motion seeks to pay Debtor's attorney the amount of the Fee Award in violation of the Plan. This result is prohibited under the Code and law. Therefore, the Motion is DENIED.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

## ORDER

In accordance with my findings of fact and conclusions of law set forth in my memorandum opinion of this date, it is ORDERED that the Motion is DENIED.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.
(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.
11 U.S.C. § 1329.