**In re Anthony E. WILLIAMS, Debtor.**

No. 07–B–03241.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 17, 2008.

Family Services shall be paid at 10% of its allowed claim pursuant to 11 U.S.C. § 1322(a)(4). The balance of said claim will survive the bankruptcy." The Illinois Department of Healthcare and Family Services (the "Department" or "IDHFS") objects to Debtor's Motion, and argues that its claim is entitled to super-priority pursuant to 11 U.S.C. § 507(a)(1)(A).

The issue has been fully briefed. The parties elected to stand only on undisputed facts as shown in the filed claim at issue and in the briefs, and they waived (through oral stipulation of their respective counsel on the record in open court) the right to present any evidence. The following Findings of Fact and Conclusions of Law are made and will be entered. Pursuant thereto, the Debtor's Motion will by separate order be denied.

Robert J. Semrad & Associates, Chicago, IL, for Debtor.

Illinois Attorney General, Chicago, IL, for IDHFS.

Tom Vaughn, Chapter 13, Trustee, Chicago, IL, for Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor, Anthony E. Williams ("Williams" or "Debtor"), filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On May 23, 2007, an Order was entered confirming Debtor's amended Chapter 13 plan (the "Plan"). Pending is the Motion of Debtor to Modify his Plan, which seeks to modify Section G of the Plan to read: "The claim of the Illinois Department of Healthcare and

### FINDINGS OF FACT

1. On February 24, 2007, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. On May 23, 2007, an Order was entered confirming Debtor's amended Chapter 13 plan.

3. The Plan calls for claims to be paid over a sixty-month period according to the following terms: secured creditors to be paid 100 percent (100%), and unsecured creditors to be paid ten percent (10%).

4. The Plan requires Debtor to make plan payments to the Chapter 13 trustee (the "Trustee") in the amount of $152 a month for sixty months.

5. The Department filed an unsecured priority claim for a domestic support obligation on behalf of the custodial parent in the total amount of $11,438.52 (principle of $5,561.28 for "unpaid support ... due to the custo-

dial parent" plus $5,537.24 in interest accrued thereon) (the "Claim").

6. The custodial parent did not receive public aid from IDHFS that relates to the Claim, and so the Claim is not one to repay IDHFS for support advanced by it.

7. The payment of the IDHFS Claim on a priority basis under the Plan as confirmed makes the Plan unfeasible insofar as it will not be completed within the statutorily required sixty-month plan period. On September 26, 2007, the Trustee made a Motion to Dismiss for Term of Plan, because it will exceed sixty months in duration.

8. In response, Debtor filed his pending Motion to Modify Plan. Debtor seeks to modify Section G of the plan to read: "The claim of the Illinois Department of Healthcare and Family Services shall be paid at 10% of its allowed claim pursuant to 11 U.S.C. § 1322(a)(4). The balance of said claim will survive the bankruptcy."

9. The parties agree that the Claim for a domestic support obligation is non-dischargeable, but the Department asserts that its claim is entitled to superpriority pursuant to 11 U.S.C. § 507(a)(1)(A).

10. Statements of fact contained in the Conclusions of Law section shall constitute additional Findings of Fact.

## CONCLUSIONS OF LAW

The contents of a Chapter 13 plan is governed by 11 U.S.C. § 1322. According to § 1322(a)(2), "The plan shall—provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim...." Section 507(a)(1) gives first priority to the payment of the administrative expenses of the bankruptcy trustee, where one has been appointed, and to domestic support obligations. Domestic support obligations are further designated as those owed directly to the custodial parent, *see* 11 U.S.C. § 507(a)(1)(A), and those assigned or owed directly to or recoverable by a governmental unit under non-bankruptcy law. *See* 11 U.S.C. § 507(a)(1)(B).

Section 1322(a)(4) contains an exception to the full payment of § 507 priority claims through a Chapter 13 plan. According to § 1322(a)(4):

[N]ot withstanding any other provision of this section, a plan may provide for less than full payment of all amounts owed for a claim entitled to priority under section 507(a)(1)(B) only if the plan provides that all of the debtor's projected disposable income for a 5–year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

According to § 507(a)(1)(B):

The following expenses and claims have priority in the following order: First: Subject to claims under subparagraph (A), allowed unsecured claims for domestic support obligation that, as of the date of the filing of the petition, *are assigned by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit* (unless such obligation is assigned voluntarily by the spouse, former spouse, child, parent, legal guardian, or responsible relative of the child for the purpose of collecting a debt) *or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law....*

(Emphasis added). Debtor argues that the IDHFS claim falls within § 507(a)(1)(B), and therefore within

§ 1322(a)(4) exception to full plan payment. Debtor relies on the rule of statutory construction that interpretation of a statute begins with the plain meaning of the text. *See, e.g., BedRoc Ltd., LLC v. U.S.*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). He argues that the proof of claim was filed by IDHFS and, therefore, is "owed directly to or recoverable by a governmental unit" pursuant to the plain meaning of § 507(a)(1)(B). However, Debtor's statutory construction argument fails to account for the entire statutory scheme, particularly § 507(a)(1)(A) on which the Department relies.

The Department's Claim was not filed for a debt due to it whether by assignment or otherwise. Rather, the Department filed the claim on behalf of the custodial parent pursuant to § 507(a)(1)(A) and, therefore, § 1322(a)(4) is not applicable. According to § 507(a)(1)(A):

> The following expenses and claims have priority in the following order: First: Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, *without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person* . . . .

(Emphasis added). The Department relies on the plain meaning of that statutory text, and argues that its claim is therefore entitled to super-priority under § 507(a)(1)(A).

The issue here turns on whether or not the issue is controlled by the phrase "owed directly to or recoverable by a governmental unit" quoted above as part of § 507(a)(1)(B). This language was added to the Code by the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Amendments" or "BAPCPA"), in which Congress elevated domestic support obligations from seventh to first priority. *In re Sanders*, 341 B.R. 47, 49–50 (Bankr.N.D.Ala.2006); Norton Bankr.3d § 49:14 (2008).

The Department cites *In re Sanders* for the proposition that § 507(a)(1)(B), referenced in § 1322(a)(4), applies only to domestic support obligations owed to a governmental unit. 341 B.R. at 50. However, that bare restatement of the rule in § 1322(a)(4) does not help determine the meaning of "owed directly to or recoverable by a governmental unit." In fact that was not even the question presented in *Sanders*. Rather the question in that case was whether § 1322(a)(2) required priority claims to be paid in the order specified in § 507, so that a domestic support obligation under § 507(a)(1) would be paid in full before administrative expenses under § 507(a)(2). *Id.* at 49–50. The bankruptcy court held that it did not. *Id.* at 50 *aff'd, Alabama Dep't of Human Res. v. Sanders (In re Sanders)*, 347 B.R. 776 (N.D.Ala.2006). *See also In re Lanigan*, 101 B.R. 530, 532 (Bankr.N.D.Ill.1986) (citing *In re Parker*, 21 B.R. 692, 694 (E.D.Tenn.1982)) (holding that priority claims can be paid concurrently with other creditors over the life of a Chapter 13 plan). Thus, *Sanders* does not illuminate the distinction between "owed directly to or recoverable by a governmental unit" in § 507(a)(1)(B) and a claim "filed . . . on behalf" of the custodial parent in § 507(a)(1)(A). This appears to be a question of first impression within this Circuit.

█ Beyond the plain meaning of § 507(a)(1)(B), Debtor does not provide any authority interpreting the provision "owed directly to or recoverable by a gov-

ernmental entity" under applicable Illinois non-bankruptcy law.[1] But most significantly, he completely fails to address § 507(a)(1)(A) in his Reply. In this case, Debtor's interpretation of § 507(a)(1)(B) might be plausible were it not for § 507(a)(1)(A). To accept Debtor's reading of § 507(a)(1)(B) would render the language in § 507(a)(1)(A) meaningless, "violating the rule that a statute should be construed in such a way that no word, clause or sentence is rendered meaningless or superfluous." *Holloway v. J.C. Penney Life Ins. Co.*, 190 F.3d 838, 843 (7th Cir. 1999).

The Illinois Code specifically contemplates that enforcement services shall be provided to non-recipients for the collection of domestic support obligations. 305 ILCS 5/10–1. In fact, this is a requirement of receiving federal funds under Title IV, Part D of the Social Security Act. *Id.*; 42 U.S.C. 651 *et seq.* This is consistent with the purpose of the provision that the "services herein provided supplement rather than supplant the primary and continuing obligation of the family unit for self-support...." 305 ILCS 5/10–1. Nevertheless, the Illinois Code permits IDHFS to "establish a schedule of reasonable fees" for the enforcement services provided to non-recipients. *Id.* This fee shifting arrangement relieves the custodial parent from the financial burden of having to hire an attorney to enforce a domestic support obligation, an expense which would substantially reduce the amount of money that might actually go towards support of the family. The Bankruptcy Code dovetails with and aids this arrangement by providing super-priority to domestic support obligations owed to the custodial parent, "without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person." 11 U.S.C. § 507(a)(1)(A).

### CONCLUSION

■ For the foregoing reasons it is found and held that the IDHFS Claim comes under § 507(a)(1)(A), and is entitled to super-priority. The custodial parent did not receive public aid and, therefore, never assigned the Claim for domestic support to IDHFS. Because the claim was not assigned or owed directly to or recoverable by the IDHFS, § 507(a)(1)(B) does not apply and therefore the exception to full payment in 11 U.S.C. § 1322(a)(4) does not apply. Pursuant to 11 U.S.C. § 1322(a)(2), the IDHFS claim is entitled to full payment under and during the Plan,

---

1. Whether a claim for a domestic support obligation is "owed directly to or recoverable by a governmental unit" is a matter of non-bankruptcy law. 11 U.S.C. § 507(a)(1)(B). The Department argues from the nature of the claim filed (the facts of which have not been contested by Debtor) that the custodial parent never made an assignment of the domestic support obligation. An assignment is a property right, and substantive property rights are governed by state law. *See Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1285–86 (7th Cir.1980). Pursuant to the Illinois Public Aid Code (the "Illinois Code"), "By accepting financial aid under this Code, a spouse or a parent or other person having custody of a child shall be deemed to have made an as-

signment to the Illinois Department ... of any and all rights, title, and interest in any support obligation...." 305 ILCS 5/10–1; *In re Marriage of Paredes*, 371 Ill.App.3d 647, 309 Ill.Dec. 156, 863 N.E.2d 788, 792 (2007). The court in *Paredes* appears to use the terms "assigned" and "owed" interchangeably. *See id.* In other words, once the custodial parent assigns the right to domestic support by virtue of accepting public aid, the debtor owes that obligation to the State. However, it is undisputed from the uncontested facts alleged in the Department's Claim that the custodial parent in this case did not receive public aid. Therefore, no assignment was made of her claim to the State which now seeks to collect on her behalf, not for itself.

and Debtor's Motion to Modify Plan will be denied.